MARY ANN ADAMS et al., as Executors of WALTER ADAMS, Deceased, Respondents, *v.* GEORGE ELWOOD, Appellant.

1. APPEAL. Rulings upon a trial, even if erroneous, unless of sufficient importance, will not justify the reversal of a judgment.

2. SAME. An objection to evidence upon which a ruling is reserved, but not made, must be treated as though it had been sustained and an exception taken.

3. EVIDENCE. Where, upon the trial of an action for an accounting, an alleged incorrectness of an inventory may have been a competent and material fact, a question simply calling upon the defendant to state whether he had explained the mistakes therein to one of the plaintiffs is properly excluded in the absence of some statement or admission on their part that would be binding upon them.

4. JUDICIAL NOTICE. An objection that a referee in an action for an accounting was disqualified because at the time of his appointment he was the county judge of a county having more than 120,000 inhabitants (Const. art. 6, § 20), cannot be sustained by the Court of Appeals where the last public record preceding his appointment shows the population to have been less than 120,000, although in fact it may have been more at the time, since in such a case that court can take judicial notice of nothing but facts authenticated by the public records.

*Adams* v. *Elwood*, 61 App. Div. 622; 72 App. Div. 632, affirmed.

(Argued June 25, 1903; decided October 6, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 4, 1902, affirming a judgment in favor of plaintiffs entered upon the report of a referee; also from an order of said Appellate Division, entered May 31, 1901, affirming an order of Special Term denying a motion to vacate the order of reference.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William L. Mathot* for appellant. The referee committed errors in the exclusion of testimony prejudicial to the appellant. (*Herzfeld* v. *Reinach*, 44 App. Div. 326; *Sharpe* v. *Freeman*, 45 N. Y. 802; *Lathrop* v. *Bramhall*, 64 N. Y. 365.) The order of reference, the reference, the report and the judgment entered upon it are wholly void, by reason of the referee's disqualification. (Const. N. Y. art. 6, § 20; *Shaw* v. *Tobias*, 3 N. Y. 188; 1 Greenl. on Ev. § 6; *Chapman* v. *Wilbur*, 6 Hill, 475; *Farley* v. *McConnell*, 7 Lans. 428; *Matter of Jacobs*, 98 N. Y. 98; *Sentenis* v. *Ladew*, 140 N. Y. 463; *Oakley* v. *Aspinwall*, 3 N. Y. 547; *Matter of Bingham*, 127 N. Y. 296; *Van Arsdale* v. *King*, 152 N. Y. 69; *Duryea* v. *Traphagen*, 84 N. Y. 652; *French* v. *Merrill*, 27 App. Div. 612.)

*R. J. Shadbolt* and *James M. Seaman* for respondents. The objections now raised by the defendant as to the jurisdiction of the referee are untenable. (*Blake* v. *Lyon*, 77 N. Y. 626; 23 App. Div. 86; *Sentenis* v. *Ladew*, 140 N. Y. 466.)

WERNER, J. This action was brought to compel a surviving partner to render an accounting. Plaintiffs' testator and the defendant had for many years been partners in a botanical drug business in the city of New York, when the firm was dissolved on the 1st day of March, 1895, by the death of Walter Adams, one of the partners. The action was tried before a referee. The complaint alleges, and the referee has found,

that after the death of Adams the defendant Elwood continued the business down to the time of the commencement of this action in December, 1899, and refused to wind up the partnership affairs, or to render an account although he was asked to do so by the plaintiffs.

Defendant's answer sets forth an alleged agreement between the plaintiffs and the defendant, under which the latter claimed the right to continue the business for the benefit of all concerned, he to receive a compensation of one thousand dollars per year for his services, after which the plaintiffs were to have the right to withdraw the proportionate interest in the profits to which their testator's estate should be entitled, besides such portions of the capital as should from time to time be agreed upon. The plaintiffs denied the existence of the alleged agreement and the referee has found that the defendant has failed to establish it. The referee has further found that the interest in said firm of plaintiffs' testator at the time of his death was $7,927.03, upon which the defendant has paid $5,588.55, leaving a balance due of $2,338.48, which with interest amounting to $1,325.75, entitles the plaintiffs to judgment against the defendant for $3,664.23.

The judgment entered upon the referee's report having been unanimously affirmed at the Appellate Division, the case is now before this court subject to the constitutional and statutory limitations under which every question of fact is conclusively deemed to have been resolved in favor of the plaintiffs in the courts below. This leaves for review nothing but the exceptions to the rulings of the referee, and the appeal from the order denying defendant's motion to vacate the order of reference, which is brought up with the main appeal under the provisions of section 1316 of the Code of Civil Procedure.

Only three exceptions to the rulings of the referee are discussed by the learned counsel for the appellant. Two of them relate to the question of value of fixtures and merchandise, and the third refers to alleged errors in an inventory made by the defendant and which he claimed to have explained to one

of the plaintiffs. The rulings upon questions of value referred to were clearly right but, even if it were conceded that they were erroneous, they are not of sufficient importance to justify a reversal of the judgment. When the defendant was asked if he had explained to the plaintiffs the alleged errors in the inventory, the question was objected to as incompetent, irrelevant and immaterial; that the defendant was incompetent to testify to the value of the fixtures; and he was bound by the inventory as it was made by himself, January, 1895, and approved by his partner, Mr. Adams, during his lifetime. The referee reserved his decision upon this objection, and no ruling thereon was subsequently made, so that it must now be treated as though it had been sustained and an exception taken. (*Lathrop* v. *Bramhall*, 64 N. Y. 365.)

This view of the matter does not help the appellant, however, for we think the ruling was right. The question was irrelevant and immaterial. The alleged incorrectness of the inventory may have been a competent and material fact for the consideration of the referee, but the excluded question simply called upon the witness to state whether he had explained the mistakes therein to one of the plaintiffs. It was not claimed or suggested that the plaintiff to whom the explanation is said to have been made, admitted anything in the light of, or in connection with, defendant's explanation, and in the absence of some statement or admission on the part of the plaintiffs that would be binding upon them, the naked explanation of the defendant, even if admitted in evidence, would have contained nothing material to the issue.

The referee in the case was the county judge of Queens county, having been elected to that office in November, 1897. He was appointed referee by an order entered April 10th, 1900. His report was dated October 31st, 1900. On the 21st day of March, 1901, the defendant made a motion at Special Term to vacate the order of reference, the referee's report, the judgment entered thereon and all other proceedings in the action subsequent to the order of reference, on

the ground that the court had no jurisdiction to appoint as referee any person holding the office of county judge in a county having more than 120,000 inhabitants. (Art. 6, sec. 20, State Const.) This motion was denied and the order entered upon that decision was affirmed at the Appellate Division. The appeal from that order is now before this court by virtue of the specification in the defendant's notice of appeal, that he will seek to have the order reviewed on the main appeal.

This branch of the case can also be very briefly disposed of. If the contention of the defendant as to the population of Queens county rests upon a question of fact, the adverse decision of the courts below is conclusive upon him in this court. If, on the other hand, the inquiry involves facts of judicial cognizance, then we must refer to the data in existence at the time when the referee herein was appointed. The order of reference is dated April 10th, 1900. The federal census of that year was not taken until June, and the figures relating thereto were not obtainable until later. The last enumeration of the inhabitants of the state prior to April, 1900, was that of 1892 which fixed the population of Queens county at 141,807. From these figures must be deducted the population of the towns of Hempstead, North Hempstead and Oyster Bay, which in 1899 were erected into the present county of Nassau, and which in 1892 had a population of 47,604. Deducting the population of these three towns in 1892, from the total population of Queens county in the same year, leaves to the latter county in 1892 a population of 94,203. It is probably true that there was a steady increase in the population of Queens county in all the years from 1892 to 1900, but it may be equally true that the growth of population may have been principally in the towns now forming Nassau county. There may be a moral certainty that the population of Queens county in 1900 exceeded 120,000, but in this matter we can take judicial notice of nothing but facts authenticated by public records. The last public record preceding the appointment of the referee herein is that of 1892.

According to that record the population of Queens county was less than 120,000, and the contention of the appellant, as to the disqualification of the referee, cannot be sustained.

The judgment herein should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, VANN and CULLEN, JJ., concur; MARTIN, J., absent.

Judgment affirmed. ·