ADAMS et al. v. ELWOOD et al.

(Supreme Court, Appellate Division, Second Department. April 21, 1905.)

1. RECEIVERS—COSTS—COUNSEL FEES.

A counsel fee paid by a receiver pursuant to an order of court is properly taxed as costs upon the judgment.

2. SAME—ORDER OF APPOINTMENT—SCOPE OF POWER.

An order appointing one a receiver of "all of the copartnership property * * * of every description, or so much thereof as may be necessary to satisfy plaintiff's judgment," makes it the duty of the receiver to reduce to his possession enough property to pay the plaintiff's claim as it should eventually be established.

3. SAME—COMMISSIONS—BASIS OF COMPUTATION.

Where an order appointing a receiver directed him to reduce to his possession enough property to pay plaintiff's claim as it should eventually be established, the receiver should be allowed the commissions prescribed by Code Civ. Proc. § 3320, computed on the total value of the property acquired by him in endeavoring to discharge his duty in good faith, although that property proved to be more than was in the end actually required to satisfy the judgment recovered.

4. SAME—EXPENSES—BROKERAGE ON BOND.

Code Civ. Proc. § 3320, authorizing a receiver to include as part of his necessary expenses a reasonable sum paid by him to the surety on his bond, does not authorize the receiver to charge the brokerage paid by him for procuring his bond as an expense of the receivership.

5. SAME—ATTORNEY'S FEES—EXTRA ALLOWANCE.

An order supplemental to the judgment in an action directing further proceedings by the receiver in the collection of the judgment is not a final order in a special proceeding, and cannot include an extra allowance of fees in lieu of costs to the attorney for the receiver.

Appeal from Special Term, Queens County.

Action by Mary Ann Adams and another, as executors of Walter Adams, deceased, against George A. Elwood, Thomas Wilson and others, sureties on appeal; Arthur H. Cameron, receiver. From an order affirming the report of the referee and directing further proceedings by the receiver in the action, defendant and his sureties appeal. Modified.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, and HOOKER, JJ.

William L. Mathot, for appellants.

James M. Seaman, for respondents Adams and another.

R. J. Shadbolt, for respondent receiver.

WILLARD BARTLETT, J.   It is only necessary to refer to the opinion of Judge Werner in Adams v. Elwood, 176 N. Y. 106, 68 N. E. 126, for a sufficient statement of the character of this action and its history up to the time of the affirmance of the judgment by the Court of Appeals. After that affirmance the sureties upon the defendant's undertaking on appeal offered to pay to the plaintiffs the amount that might be actually due them, and demanded an assignment of the judgment. This the plaintiffs declined to give, whereupon the sureties applied to the court at Special Term for a determination of the amount so due from them. Upon that application an order was made directing the sureties to deposit $5,700 with a trust company to the credit of the action, and appointing a referee to ascertain the amount actually due from the defendant to the plaintiffs, and also to take and pass upon the accounts of the receiver. It is from an order confirming the report of this referee and directing the receiver to collect from the defendant or his sureties the sum of $6,120.63, with interest, that the present appeal is taken by the sureties as well as by the defendant.

The more important questions litigated before the referee related to the amount of the costs actually taxed upon the original judgment and judgment of affirmance, the allowance of a counsel fee of $500

to the receiver, the amount of the receiver's commissions, and the allowance of $60 to the receiver on account of a so-called brokerage fee paid for procuring his bond. As to the costs taxed, I find no error except that the bill of June 4, 1902, should be stated at $72.94, instead of $105.97. The reduction upon retaxation was positively testified to by counsel for the appellants, and I cannot find that his testimony in this respect was contradicted. The payment of $500 by the receiver to his counsel was expressly sanctioned by an order of the court, and was properly allowed by the referee. The commissions awarded to the receiver were $382.86, being 5 per cent. "on amount of assets of copartnership received and turned over, being the sum of $7,657.33." It is contended in behalf of the appellants that, inasmuch as the receiver was entitled to take only so much of the copartnership property as would suffice to satisfy the plaintiffs' judgment, his commissions should be computed merely on that amount, and not on any excess which came into his hands. It is to be observed, however, that the receivership order appointed Mr. Cameron "receiver of all of the copartnership property of said Walter Adams & Co. of every description, or so much thereof as may be necessary to satisfy the plaintiffs' judgment herein." Under this order it was clearly the duty of the receiver to take care to reduce to his possession enough property, if there was enough, to pay the claim of the plaintiffs as it should eventually be established; and I can see no good reason why he should not have the commissions allowed by section 3320 of the Code of Civil Procedure upon the total value of the property acquired by him in endeavoring to discharge that duty in good faith, even though it proved to be somewhat more than was required. The payment of brokerage for procuring the receiver's bond was not a lawful charge as an expense of the receivership. It was not a sum paid to his surety under section 3320 of the Code. Thirty-five dollars of the item of $60 already referred to appears to have been paid for such brokerage.

Objection is also made to the award by the order under review of the sum of $200 to the attorney for the receiver as an extra allowance "in lieu of costs." There is no statutory authority that has been called to our attention, nor any precedent that I know of, for such an allowance as this in an order upon a motion in an action. The receiver's counsel seems to have regarded it as a final order in a special proceeding, but such is not its character. It is simply an order in the action supplemental to the judgment directing further proceedings by the receiver in the collection thereof.

I advise a modification of the order in the respects indicated in this opinion, and its affirmance as thus modified. All concur.