MARY L. SAWTER ET AL., ADMINISTRATORS, v. ISAAC
SHOENTHAL ET AL.

Submitted March 23, 1911—Decided June 22, 1911.

An act approved April 20th, 1909 (*Pamph. L., p. 304*), was entitled
"An act to change and amend the title of an act entitled 'An
act to tax intestate's estates, gifts, legacies, devises and collateral
inheritance in certain cases,' approved May 15th, 1894." The
body of the act is as follows: "That the title of the above en-
titled act be and the same is hereby changed and amended to
read as follows: 'An act to tax the transfer of property of resi-
dent and non-resident decedents by devise, bequest, descent, dis-
tribution by statute, gift, deed, grant, bargain and sale in certain
cases.'" *Held*, that the object of the act is not expressed in its
title.

On *certiorari.*

Brought to review a tax imposed upon the transfer of shares
of stock in a New Jersey corporation standing in the name
of a non-resident decedent, who died June 19th, 1909, *i. e.,*
after the passage of the act of April 20th, 1909, chapter 209
(*Pamph. L., p. 304*), which took effect immediately and be-
fore chapter 228 (*Pamph. L., p. 328*), which became operative
on July 4th, 1909, took effect.

Before Justices GARRISON, PARKER and VOORHEES.

For the prosecutors, *Lum, Tamblyn & Colyer.*

For the defendants, *Edmund Wilson* and *Theodore Backes.*

The opinion of the court was delivered by

GARRISON, J. The only question that we find it necessary
to decide is whether the title of the act of April 20th, 1909
(*Pamph. L., p. 304*), expresses the object of the act. That it
expresses the *result* of the act, viz., to change and amend the
title of another act, is clear enough, but what the change is,

which it is the object of the act to bring about, can be neither ascertained nor divined without consulting the body of the act. Upon consulting the body of the act, it is ascertained that its object is to make the title of an act passed in 1894 read in a particular way, from which it may well be that lawyers who happen to be acquainted with the recent course of judicial decision in this state upon the subject of the Collateral Inheritance Tax law may divine that the purpose of having the title of the specified act read in this particular way, was to render valid the act of 1894, which had been held to be unconstitutional, for the lack of some such title as that attempted to be supplied by the act that is now before us. It would be going a long way to say that this *purpose* must be expressed in the title of the act. The constitution does not say so. It says that the object of the law must be so expressed. There is a distinction between "purpose" and "object" as used in such a context. "Purpose" is something placed before the mind as an aim or *desideratum;* "object" is the end to be attained by a given action or effort. Webster notes the distinction and does not even rank them as synonyms. A purpose is internal, an object external; indeed, an object is a purpose externalized. Purpose, moreover, is applied to persons, object to things. Hence, while the law maker has a purpose, the law that he makes has an object. So, that speaking for myself, I do not think that it is necessary that the title of the act of 1909 should express that the purpose of that act was to validate the act of 1894, but I do think that such title must express what this act is going to do to the title of that act. It is clear that the act of 1909 does a particular thing to the title of the act of 1894, and that that was its object; hence that is what it should express in its title. To say, as this title does, that the object of the act is to change the title of another act, is to say nothing to the point. No information is thereby given; everything is left to be learned from the body of the act. The title of the present act therefore is not "in the way of being a notice of what is doing," as Chief Justice Beasley puts it in *Rader* v. *Union,* 10 *Vroom* 509. The object of the act, as has been said, was to make the

title of the act of 1894 read in a particular way, the *result* of which, it is true, was to change the old title, just as the *purpose* was to validate the old act, but as it is not necessary to express the *purpose* in the title, so it will not suffice to express the *result;* it is the *object* that must be expressed.

Now, the object of any law is the particular thing it brings into existence. In the present case, what this particular thing is the title of the act does not mention. It was said in one of our opinions that the title of an act was in the nature of a label by which the object of the act is displayed; if this metaphorical label be imagined to have stamped upon it the word "changed," the amount of information thereby imparted would be precisely paralleled by the extent to which the present title fails to fulfill the constitutional function of giving notice.

Not only is this the conclusion that is required by reason, but the practical effect of the contrary view is so monstrous as to amount to a conclusive argument in itself. For what may lawfully be done as to one act of the legislature may lawfully be done as to all legislative acts. So that every act passed during the entire session of a legislature might be lawfully enacted under precisely the same title which was wholly alien to the object of any one of such acts, and later an apt title could be given to each act by a series of amendatory acts, the title of each of which was identically the same, so that neither the title of the original act nor of such amendatory act would express in the remotest degree the object of any act passed during the entire session.

To illustrate: Laws by the scores, or hundreds, might be enacted regulating marriage or divorce, estates or descent, crimes, the practice of law or what not, each under the title "An act concerning clams and oysters," and afterward an appropriate title be given to each under a title that read "An act to change and amend the title of an act entitled 'An act concerning clams and oysters.'" So, that the whole body of our statute law might be changed without a syllable of constitutional notice having been given to anyone by the title of any of the acts by which such change was affected.

I think I have sufficiently indicated that in my opinion the act of 1909, by reason of its defective title, is an invalid enactment.

In discussing the sufficiency of the title of the act of 1909, it has been in a measure assumed that if such title had expressed the object of the act, the act of 1894 would have been rehabilitated as a valid statute. This, however, is merely an assumption; it is not now decided. The question is not free from difficulty, and its importance to persons not before us may be great. Under these circumstances the question should not be decided in view of the fact that, as regards the present case, such decision would be either nugatory or else merely cumulative.

The assessment is set aside.