ESTELLE I. STROCK ET AL., PLAINTIFFS IN ERROR, v. MAYOR AND CITY COUNCIL OF EAST ORANGE ET AL., DEFENDANTS IN ERROR.

Submitted July 10, 1911—Decided November 20, 1911.

On error to the Supreme Court, whose opinion is reported in 51 *Vroom* 619.

For the plaintiffs in error, *Ralph E. Lum.*

For the defendants in error, *Borden D. Whiting.*

PER CURIAM.

This writ of error brings under review a judgment of the Supreme Court affirming certain resolutions of the board of playground commissioners of the city of East Orange and dismissing the writ of *certiorari* that had been allowed for the review of those resolutions. The various grounds of attack that are here made upon the validity of the resolutions seem to have been made in the Supreme Court, and are specifically and satisfactorily disposed of in the opinion delivered by Mr. Justice Parker in that court. The opinion concedes, *arguendo,* that if land is dedicated to public use for certain purposes it is not within the power of the municipality or of the legislature to authorize the diversion of such land to other purposes without first exercising the right of eminent domain and paying to the owner of the fee a proper compensation therefor. This concession is not at all essential to the argument, and we must be understood as neither approving or disapproving of it.

An examination of the acts of the legislature from which the playground commissioners derive their powers suggests a query that has not been the subject of discussion by counsel. The statutes in question are found in *Pamph. L.* 1907, *p.* 279; *Pamph. L.* 1908, *p.* 163, and *Pamph. L.* 1909, *p.* 76. The first of these is entitled: "An act to provide for the establish-

ment of public playgrounds in cities of this state, and for the maintenance, control and management thereof." The second is entitled: "An act to amend an act entitled, 'An act to provide for the establishment of public playgrounds in cities of this state, and for the maintenance, control and management thereof,' approved May seventh, one thousand nine hundred and seven." This title contains no intimation that the title of the act of 1907 is to be amended; but the first section reads as follows: "The title of the act to which this act is an amendment be and the same hereby is amended to read as follows: 'An act concerning playgrounds and recreation places in cities of this state and providing for the establishment, equipment, control, use and regulation thereof.'" The act of 1909 treats the title of the act of 1907 as having been amended by the act of 1908, for the title of the act of 1909 is: "A supplement to the act entitled: 'An act concerning playgrounds and recreation places in cities of this state, and providing for the establishment, equipment, control, use and regulation thereof,' approved May seventh, one thousand nine hundred and seven." Whether it was competent for the legislature to amend the title of the act of 1907 by an amendatory act, which latter act did not express in its title that any change was proposed to be made in the title of the act (see *Sawter* v. *Shoenthal*, 52 *Vroom* 197), and whether, if the act of 1908 be inefficient to amend the title of the act of 1907, the validity of the act of 1909 (which adopts the amended title for its own) is affected thereby, are questions that need not now be determined, because they were not raised either in the Supreme Court or in this court.

The judgment under review should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, VOORHEES, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, JJ.    11.

*For reversal*—None.