THE STATE, GEORGE W. PATTERSON, Jr., RELATOR, v.
CHARLES E. CLOSE.

Submitted December 7, 1911—Decided April 25, 1912.

1. A statute which looks to a single general object, although it contains and enacts various and multiform matters, is not prohibited by the constitutional provision which requires that "every law shall embrace but one object, and that shall be expressed in its title," provided that such matters are properly related to each other, and tend to effectuate the general object.

2. But, in order to make the legislation valid, the title must be broad enough to express the general object sought to be accomplished; for, under the constitutional provisions referred to, the title is not only an indication of the legislative intent, but is also a restriction upon the enacting part of the law.

3. The title of an act, the object of which is to amend the title of a pre-existing statute, must express the character of the amendment to be made. *Sawter* v. *Shoenthal,* 52 *Vroom* 197, followed.

On *quo warranto.* Demurrer to plea.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and VOORHEES.

For the relator, *Alan H. Strong.*

For the defendant, *Rulif V. Lawrence.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The information in this case avers that at the annual stated meeting of the board of chosen freeholders of the county of Monmouth, on January 1st, 1910, the office of clerk of the board was vacant and that the board thereupon appointed the relator to fill it for the term prescribed by law; that he took the oath and gave the bond required by the statute and entered upon the duties of his office and continued to discharge the same until May, 1911, at which time and during the continuance of the term of the relator the defendant took possession of the office and since then has ex-

cluded the relator and usurped, intruded into and unlawfully held, used and exercised said office.

The defence set up by the plea is that the term of office of the relator had expired prior to May, 1911; that the defendant was duly appointed by the board of freeholders of Monmouth county to the office of clerk of the board at the expiration of the relator's term, and that his entry into the office at the time and in the manner set out in the information was under and by virtue of that appointment. In support of the allegation of the plea that the term of office of the relator had expired prior to the time of the appointment of the defendant to that office, the pleader appeals to the sixth section of the act of March 26th, 1902, entitled "An act to reduce the number of members of the boards of chosen freeholders in counties of this state, and to fix the salaries and provide for the election of the members of said boards" (*Pamph. L., p.* 65) ; and avers that the provisions of this statute were adopted by the voters of the county of Monmouth at the general election held in 1905.

The statutory provision appealed to by the defendant is as follows: "The terms of office of all officers then holding office under appointment by the board of chosen freeholders existing in any county at the time of the organization of said board under this act in such county, shall expire with the termination of office of the members of such previous board as aforesaid, notwithstanding that such officers may have been appointed for a longer term; and all offices filled by appointments by such previous boards shall then become vacant; and the boards of chosen freeholders constituted or elected under the provisions of this act shall forthwith, upon their organization, fill the offices hereby vacated for the term of one year only."

The principal ground of demurrer to the plea is that so much of this section as attempts to change the length of the terms of county offices which are filled by the appointment of the board is unconstitutional, for the reason that no such purpose is disclosed in the title of the act. We are told by counsel that it had already been so decided by this court in the unreported case of Attorney-General *v.* Herbert, at November term,

1907, but we find no such adjudication in that case. The determination of the question raised by the demurrer, therefore, cannot be put upon the ground of *stare decisis,* but requires original consideration at the hands of the court.

The constitutional provision which is invoked declares that "every law shall embrace but one object, and that shall be expressed in its title." Article 4, section 7, paragraph 4. This provision places no obstacle in the way of legislation, which, in a single statute, creates boards of freeholders, provides for the number of their members, the length of the terms and the compensation to be paid to such members, the duties to be performed and the powers to be exercised by such boards, including the power to appoint such officers as may be required to aid them in the performance of those duties and the exercise of those powers, and which fixes the terms and salaries of such appointees; for legislation by one statute looking toward a single general object, although it contains and enacts various and multiform matters, is not prohibited by·this constitutional provision if these matters are properly related to each other and tend to effectuate the general object. *Payne* v. *Mahon,* 15 *Vroom* 213; *Newark* v. *Mount Pleasant Cemetery Co.,* 29 *Id.* 168. But the power of the legislature to pass a single statute having so general a purpose is not unlimited. In order to make the legislation valid the title must be broad enough to express the general object sought to be accomplished; for, under the constitutional provision referred to, the title is not only an indication of the legislative intent, but is also a restriction upon the enacting part of the law. *Hendickson* v. *Fries,* 16 *Id.* 555; *Dobbins* v. *Northampton,* 21 *Id.* 496. The title of our general act incorporating chosen freeholders in the several counties of the state is an example of compliance with the constitutional mandate in a case where the legislation embraces various and diverse matters all tending to the accomplishment of a single general object such as that which we have indicated. The title of the act of March 26th, 1902, however, does not disclose a purpose to legislate, generally, with relation to the boards of freeholders of the several counties of the state, but specifically with respect to the number

of members of which such boards shall be composed, the compensation which they shall receive, and the time and method of their election, and, consequently, restricts the enacting part of the statute to these three subject-matters, and matters cognate thereto. That the length of the terms of office of appointees of those boards bears no relation to the matters so specified seems to us too plain for argument. As it does not, legislation dealing with that subject is not permitted, by the constitutional provision appealed to by the relator, to be injected into the enacting part of the law, and the provision of section 6 of the statute which is set up by the defendant as a justification of his claim to be entitled to the office which he holds must be declared null and void.

The defendant further contends that, if it be considered that the provision of section 6 of the act of 1902 that has been just adverted to is unconstitutional, as originally enacted, its invalidity was cured by the amendment to the act passed April 20th, 1909. *Pamph. L., p.* 294. The title of the amendment is "An act to amend the title of an act entitled 'An act to reduce the number of members of the boards of chosen freeholders in counties of this state, and to fix the salaries and provide for the election of the members of said boards,' approved March twenty-sixth, one thousand nine hundred and two." The body of the amendment reads as follows: "The title of the act entitled 'An act to reduce the number of the members of the boards of chosen freeholders in counties of this state, to fix the salaries and provide for the election of the members of said boards,' approved March twenty-sixth, one thousand nine hundred and two, is hereby amended so as to read as follows: 'An act to reorganize the boards of chosen freeholders of the several counties of this state, reducing the membership thereof, fixing the salaries and providing for the election and terms of office of the members, and also for the appointment and terms of office of officers appointed by such boards.' " That such an enactment is not effectual to render constitutional a statute which was originally invalid in some of its provisions because those provisions dealt with objects

which were not expressed in the title of the statute, has recently been declared by this court in the case of *Sawter* v. *Shoenthal, 52 Vroom* 197; and the principle of that case is controlling unless and until it shall be disapproved by the court of last resort.

It follows from what has been said that the length of the term of office of the clerk of the board of freeholders of Monmouth county was not changed by the act of 1902, or the amendment thereof in 1909, but remained as it was prior to the enactment of those statutes. Monmouth county, as appears by the recital of the plea in this case, is a county of the second class. In such counties the term of office of the clerk of the board is fixed at two years by the act of April 23d, 1888. *Comp. Stat., p.* 533, § 205. The appointment of the relator, therefore, on January 1st, 1910, "for the term prescribed by law," entitled him to hold the office for a period of two years from and after that date; and the intrusion of the defendant into the office in May, 1911, under color of an appointment by the board of freeholders of the county was without warrant of law.

The relator is entitled to judgment on the demurrer.