766

JEANNETTE M. HOUSE, Plaintiff, *v*. JAMES S. BODOUR, Defendant.

Municipal Court of City of Syracuse, August 11, 1938.

*David Joselit*, for the plaintiff.

*Farnham & Martineau*, for the defendant.

PARSONS, J. Plaintiff became a tenant in the defendant's apartment house in the city of Syracuse on January 1, 1937. Plaintiff was injured January 2, 1938, because of lack of repair by the landlord, and brings this action under section 102 of the Tenement House Law, which section imposes upon the landlord the duty of keeping all parts of the tenement house in good repair. By stipulation of the parties, the only question before the court is whether or not the Tenement House Law is applicable to the city of Syracuse.

Section 170 of the Tenement House Law provides that it shall apply to cities of the first class only, " except as provided in section seventy-six of this chapter," which is immaterial.

Plaintiff contends that Syracuse became a city of the first class under the provision of the Tenement House Law, on the ground the population of the city of Syracuse, according to the census of 1925, was more than 175,000 inhabitants.

Prior to the amendment of article 12 of the New York State Constitution, cities were divided into classes, according to population, cities of the first class being those over 175,000; second class, between 50,000 and 175,000; and third class, all other cities. According to the census of 1920, Syracuse had a population of less than 175,000, and was classified as a city of the second class, under section 2 of article 12 of the New York State Constitution.

The court takes judicial notice of the population of cities. (*Adams* v. *Elwood*, 176 N. Y. 106.)

In 1923 article 12 of the New York State Constitution was amended to take effect January 1, 1924, at which time the general classification of cities was eliminated, so that the general classification of cities no longer existed after that date. (*Ponsrok* v. *City of Yonkers*, 254 N. Y. 91.)

In said amendment there was substituted for section 2 of article 12 the following:

" § 2. The Legislature shall not pass any law relating to the property, affairs or government of cities, which shall be special or local either in its terms or in its effect, but shall act in relation to the property, affairs or government of any city only by general laws which shall in terms and in effect apply alike to all cities except on message from the Governor declaring that an emergency exists and the concurrent action of two-thirds of the members of each house of the Legislature."

Section 7 of said article 12, as amended, reads as follows:

" § 7. The provisions of this article shall not affect any existing provision of law; but all existing charters and other laws shall continue in force until repealed, amended, modified or superseded in accordance with the provisions of this article. Nothing in this article contained shall apply to or affect the maintenance, support, or administration of the public school systems in the several cities of the State, as required or provided by article nine of the Constitution."

So that under said section, the charters of cities were not thereby affected, unless changed, modified or repealed by the Legislature. At the time of said amendment to the Constitution, Syracuse was a city of the second class, and governed by the provisions of the Second Class Cities Law, and said law was its charter.

The Tenement House Law governs all matters concerning, affecting or relating to the construction, alteration, repair, removal, etc., of tenement houses in cities of the first class. The Second Class Cities Law, section 156, provides that the common council may, by ordinance, adopt a Building Code, providing for all matters concerning, affecting or relating to the construction, alteration, repair or removal of buildings and structures erected in the city of Syracuse, and pursuant to this authority, the city of Syracuse adopted a Building Code covering the alteration, repair, etc., of all buildings in the city of Syracuse.

By reason of the amendment to article 12 of the New York State Constitution, the city of Syracuse never became a first class city, and under the provisions of section 7 of said article, as amended, the charter of the city remained as it was prior to said amendment, or as governed by the provisions of the Second Class Cities Law, as said article specifically provided that the charter should not be affected.

Further, section 4 of said Second Class Cities Law was amended in 1925, after the amendment to the Constitution, to read that the Second Class Cities Law should apply to only those cities which were second class cities on the 31st day of December, 1923. Plaintiff contends that under the provisions of section 2 of article 12 of the Constitution such amendment was unconstitutional, as it did not apply to all cities alike. However, the provisions of the Second Class Cities Law relating to alteration, repair, construction, etc., of tenement houses and other buildings, have to do with the health and safety of the public, and do not come within the prohibitions provided for in said section 2. (*Adler* v. *Deegan*, 251 N. Y. 467.)

Under the provisions of the City Home Rule Law, the city of Syracuse adopted a new charter which went into effect January 1, 1938. The Building Code of the city of Syracuse, adopted under the provisions of the Second Class Cities Law, is still in force and effect. (See Charter of the City of Syracuse, § 183, City of Syracuse Local Law, No. 7, 1935.) No added burden should be imposed upon a citizen without clear warrant of law.

I, therefore, find that the Tenement House Law is not applicable to the city of Syracuse; that the duty of keeping a tenement house in good repair is not imposed upon the landlord, and that plaintiff is not entitled to recover.

The complaint is dismissed, with costs.