### RICKERT v. POLLOCK et al.

(Supreme Court, Appellate Term. January 23, 1905.)

1. TRIAL—MOTION TO STRIKE TESTIMONY—PRESUMPTIONS.
Where on appeal the ruling on a motion to strike testimony does not appear, it will be presumed to have been in favor of the successful party.

2. ATTORNEY AND CLIENT—PAYMENT OF COSTS—ORDER REDUCING COSTS—LIABILITY OF ATTORNEY.
Where, after costs were paid to the attorney of the successful party, an order reducing the costs was made, if before the making of the latter order the attorney paid out the costs for account of his client, or appropriated them to pay himself for disbursements made for the client, an action would not lie against him to recover the excess, but it should be against the client.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Thomas A. Rickert, as president of the United Garment Workers of America, against Simon O. Pollock and others. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Pollock & Abrahams, for appellants.
Steuer & Hoffman, for respondent.

DAVIS, J.   The defendants are attorneys at law, and, as such, represented certain parties plaintiff in two actions brought against the plaintiff in this action in the City Court, to wit, the case of Klein v. Bernard Larger, as President of the United Garment Workers of America, and the case of Goldman v. Bernard Larger, as President of the United Garment Workers of America.   In these two actions judgment was rendered in favor of the plaintiffs therein on or about December 10, 1903, and appeals to the Appellate Term were taken by the plaintiffs.   These two appeals were subsequently dismissed on motion of the respondents therein, and an order was entered, by the terms of which the respondents were awarded the costs of appeal in each action to be taxed.   The costs were thereupon taxed at $129, and thereafter, on or about May 18, 1904,.the defendants paid to the plaintiff's attorneys $92.90.   According to a receipt marked in evidence, and signed by Pollock & Abrahams, the respondents' attorneys in those actions, they received this $92.90 from the appellants therein as costs taxed in both of the actions referred to.   After the receipt of this money, other counsel were substituted for the appellants in the two actions; and they obtained an order modifying the former order dismissing the appeal, and providing that the respondents ·should have only $10 costs in each case, instead of the costs of an appeal to be taxed. This order was entered in place of the former order.   Thereupon this action was brought to compel the attorneys who had received the costs before the modification of the orders dismissing the appeals to return them to the plaintiff herein on the ground that they were illegally retained.

To prove the payment of the costs sought to be recovered, the plaintiff herein called Henry Waxman, who testified that he was connected with the plaintiff, and that he gave one Jacobowitz $114 to pay the costs to the defendants Pollock & Abrahams.   Plaintiff next called Paul M. Abrahams, one of the defendants.   He was asked to explain the re-- ceipt for $92.90 referred to above.   He said that only $80 of it represented the costs, and that he had received the money from Jacobowitz, the defendants' attorney in the two actions.   He was then shown another receipt (not marked in evidence) for $21.50, concerning which he said that it did not represent the costs, but a payment on account of other matters.   There was no other evidence as to the amount of costs received by the defendant.   In view of this evidence, and of the fact that the plaintiff evoked the explanation of the receipt for $92.90, it follows that the plaintiff's proof showed that not more than $80 was received by the defendants as costs.   The plaintiff also brought out from this defendant the fact that he had paid over to his client $40 of these costs, and had expended as disbursements on account of his client at least $47 more.   After eliciting this evidence from his own witness, the plaintiff moved to strike it out on the ground of incompetency.   The record does not disclose the court's ruling upon this motion.   Presumably, the ruling was in favor of the plaintiff, he being the successful party.   See Herzfeld v. Reinach, 44 App. Div. 326, 60 N. Y. Supp. 658; Adams v. Elwood, 176 N. Y. 106, 68 N. E. 126. If so, it was error to strike out this testimony, inasmuch as it consisted of direct and responsive answers to the plaintiff's own questions.   No

fraud was alleged or proved against the defendant. On this evidence the court found that the defendant had been paid $114 as costs, and rendered judgment for that amount in favor of the plaintiff.

In order to recover against the defendant, the plaintiff must show not only that costs in excess of legal costs were received by the attorney, but also that he had them in his possession after the making of the order which reduced the amount of the costs. If, before the making of this latter order, the attorney paid out the costs for account of his client, or appropriated them to pay himself for disbursements made by himself for his client, he cannot be required to restore them. The action should be against the client, and not against the attorney. Armstrong v. Cummings, 17 Wkly. Dig. 165, 166. Of course, if the attorney obtained payment of the costs by deceit, he could be required to restore them, irrespective of how he had disposed of them, but no deceit has been shown here. The plaintiff proved nothing more than that defendant had received the costs to the extent of $80 only. There was no proof that he obtained them by fraud or deceit, and no proof that he retained possession of them after their receipt, except so far as to apply about $47 to pay his client's debt to him.

The defendants put in no evidence, but at the close of plaintiff's case moved for judgment, which motion was later denied. We think the plaintiff failed to make out a cause of action.

Judgment reversed and new trial granted, with costs to appellants to abide the event.

SCOTT, J. (concurring). I think that the payment of the costs by the former attorney for the respondent was a voluntary payment. I concur in a reversal of the judgment.

MacLEAN, J., concurs in the result.