[Civ. No. 4978. Second Appellate District, Division One.—November 2, 1927.]

LILLIAN BROWN, Respondent, v. LEOTA HOWARD et al., Appellants.

Harry Lyons for Appellants.

Harry K. Smith for Respondent.

McLUCAS, J., *pro tem.*—This is an action for money had and received.  Defendants appeal from a judgment rendered for plaintiff.

In the year 1922 an action was commenced by Leota Howard, one of the defendants herein, to foreclose a chattel mortgage, in which action the plaintiff and respondent was one of the parties defendant. Judgment was rendered against the plaintiff herein as defendant in that action. Execution was issued thereon and under the said execution the sheriff of Los Angeles County levied upon the property of the plaintiff herein and collected the sum of $907, which sum, on December 20, 1922, was turned over to Harry Lyons as attorney for the plaintiff in said action. Lyons testified that all of said money was immediately paid by him to Leota Howard, one of the defendants herein, except a sum not exceeding $100, which Lyons retained as his attorney's fee. On January 5, 1923, upon stipulation of counsel in open court, it was ordered that the judgment in said cause be set aside and plaintiff therein given leave to file a supplemental complaint in said action. On January 6, 1923, pursuant to the foregoing order, the court ordered the sheriff to release all property, money, or securities of any kind belonging to Lillian Brown and in the hands of any bank or trustee, which was levied upon by virtue of the writ of execution issued in said matter. On June 30, 1923, Harry Lyons, as attorney for plaintiff, and Harry K. Smith, as attorney for defendant Lillian Brown in said action, entered into a stipulation "that the complaint against Lillian Brown be dismissed, and that the said Leota Howard reimburse the said Lillian Brown in the sum of $900 and no interest from sums levied and collected in the within entitled action; that everything which is above the sum of $1,600, and any moneys collected by the plaintiff against the property of any of the defendants except Lillian Brown in excess of the said sum of $1,600 be immediately turned over to the said Lillian Brown until the sum of $900 and no interest will be repaid to said Lillian Brown. That the attorney for the plaintiff file a dismissal against Lillian Brown, and that said Lillian Brown waiving any and all claims against Leota Howard in the within entitled action; except the sum of $900 to be paid as above provided." The defendant and appellant subsequently paid to the plaintiff herein the sum of $118. In the present action the appellant Harry Lyons filed an answer denying the allegations of the complaint, and Leota Howard,

defendant and appellant, in addition to her denial, pleaded specially the said stipulation as a defense.

It is urged by appellants that under the terms of the stipulation the plaintiff and respondent herein was not entitled to any moneys excepting from the funds to be levied against and collected from the other defendants in the future. Appellants' position is, in our opinion, untenable. When the judgment was vacated the defendants herein held in trust for the use of the plaintiff all the money which had been turned over to them by the sheriff by virtue of the execution issued under said judgment so vacated and set aside. This money was a sum which had been levied and collected in said action, and it was stipulated that the plaintiff be reimbursed "from sums levied and collected" in the said action; the additional clauses in said stipulation merely provided a further source from which plaintiff might be reimbursed. Plaintiff was not limited to this further source for her reimbursement, but it was expressly stipulated that plaintiff be reimbursed from all sums levied and collected in the action. The stipulation is sufficiently clear and definite to support the finding that by the terms of said stipulation it was intended that the money collected by the defendants from the funds of plaintiff should be repaid to plaintiff, and that the parties so agreed. True, if there be any ambiguity in the stipulation, parol evidence of the facts and circumstances surrounding the execution of the instrument would be admissible to show the intent of the parties in signing the stipulation, but such surrounding facts and circumstances could not be shown by the question addressed to opposing counsel who signed the stipulation asking him to explain the reasons for entering into the stipulation. We see no error in the ruling of the trial court sustaining an objection to the foregoing question as being incompetent, irrelevant, and immaterial, since the question called for a conclusion of the witness.

The evidence is undisputed that all the money collected under the execution against the respondent herein, excepting a sum not exceeding $100 was turned over by the defendant Harry Lyons to his co-defendant immediately after the same was collected and before the judgment under which the execution was issued was set aside. Presumptively that judgment was regular and valid on its face, and the

execution was likewise valid. Consequently the money collected under the said execution came into the hands of defendant Harry Lyons lawfully. It was not until the judgment in said action had been set aside that plaintiff became entitled to the return of said money and that defendants could be said to hold said money for the use and benefit of plaintiff. (*Bank of United States* v. *Bank of Washington,* 6 Pet. (U. S.) 19 [8 L. Ed. 299].) Consequently the liability of defendant Lyons cannot exceed the sum of $100 which was remaining in his hands at the time said judgment was set aside. (*Rickert* v. *Pollock,* 46 Misc. Rep. 275 [92 N. Y. Supp. 89].)

The judgment is ordered affirmed, except that the judgment against defendant Harry Lyons shall be modified so that the judgment against said defendant shall be in the sum of $100 only.

Houser, Acting P. J., and York, J., concurred.