[Civ. No. 12355.   First Dist., Div. Two.   May 28, 1943.]

JOHN H. CORLEY, Appellant, v. FRANK J. HENNESSY, as Executor, etc., Respondent.

H. R. Whiting, Morgan V. Spicer and Vincent Surr for Appellant.

Frank J. Hennessy in pro. per., for Respondent.

NOURSE, P. J.—Plaintiff sued to recover upon a claim for money alleged to have been held in trust for him by the decedent Edward J. Kenney. The trial court gave defendant judgment based upon findings that there was nothing due plaintiff, that no funds were held by the decedent in trust for plaintiff, that decedent did not mingle with his own any moneys belonging to plaintiff, and that the cause of action was barred by the statute of limitations. In his appeal from the judgment plaintiff states three grounds—(1) that the fact that the moneys sued for were acquired through illegal gambling and taking wagers on horse races should not affect his right of recovery; (2) that the statutes of limitations did not begin to run until the death of decedent, because there had been no repudiation of the alleged trust; (3) that the trial court erred in refusing to permit plaintiff to testify except as to the matter of the alleged trust.

The complaint pleads a simple cause of action for money due the claimant in some respects in the nature of an oral stated account, and prays that the sum found to be due "be paid by said executor in the due course of the administration. . . . " It also pleads that the sum claimed had been received and "held in trust" by the decedent, but that said sum "cannot be specifically identified for the reason that the said funds have been, and were prior to the death of said decedent, and are now, mingled with the funds of said decedent." None of the circumstances of the creation of the alleged trust is pleaded, and no proof was made that any of the money claimed by appellant was mingled with other funds of the decedent. During the course of the trial the court offered appellant leave to amend his complaint to plead a trust more clearly, but no amendment was made, and his counsel conceded that he was unable to trace the money or show that it had been mingled with other funds.

■ A brief statement of the facts will suffice, as our decision must rest not so much upon the facts proved but upon the facts which plaintiff failed to prove to make a case for relief. For some years prior to 1917 plaintiff and deceased had been employed by "bookmaking" concerns, and in that year opened a place of their own where they continued the same operations. The sister of the plaintiff testified that the two were partners, other testimony was given that plaintiff was employed by deceased until 1923 when plaintiff was required to leave the neighborhood because of fear of arrest. The sister of plaintiff testified that in 1923 he stopped working because of ill health, that deceased then had $25,000 in a safe deposit box belonging to the "partnership," that he promised to keep one-half of that sum in trust for plaintiff. From that date until his death in 1941 the deceased paid small sums either to plaintiff or to his sister amounting to over $8,000. The sister testified that these payments were in partial performance of the "trust." Other testimony was given that they were of a charitable nature advanced to relieve the poverty of plaintiff and his sister. The testimony of the sister relating to the fact of partnership, the amount of cash deposited by deceased, and the amount and nature of payments advanced by deceased, was such that the trial court must have found it unconvincing and short of the measure of proof necessary to establish a trust of this character.

■ The decision must rest upon the sound principle that a trust will not be created by judicial decree when there is no property upon which the trust can be impressed, that, when "the subject matter of the trust was money, the plaintiff's right to an adjudication of ownership depends upon his ability to identify the money as a particular fund or to trace it into specific property." (25 Cal.Jur., p. 254; *Elizalde* v. *Elizalde*, 137 Cal. 634, 641 [66 P. 369, 70 P. 861]; *Burke* v. *Maguire*, 154 Cal. 456, 469 [98 P. 21]; *Estate of Arms*, 186 Cal. 554, 561 [199 P. 1053].) In *Newport* v. *Hatton*, 195 Cal. 132, 150 [231 P. 987], the Supreme Court, citing the Elizalde and Arms opinions, said: "When the money or property of the trustor can be traced into a particular fund or deposit, where it remains, though mingled with other money, the beneficiary may seek to follow the specific per-

sonal property and enforce the trust. Though the identical pieces of coin cannot be ascertained, yet if there is so much belonging to the trust in a general heap of private and trust funds, the *cestui que trust* is entitled to take so much out." In *Noble* v. *Noble,* 198 Cal. 129, 134 [243 P. 439, 43 A.L.R. 1235], the court cited and distinguished all the foregoing, but placed the right to impress a trust squarely upon proof of a commingling of trust funds with the general funds of the trustee. In *Mitchell* v. *Dunn,* 211 Cal. 129, 136 [294 P. 386], these authorities were again reviewed and the court said: "The rule is now settled in this state that when the money of the trustor can be traced into a particular fund, or deposit, though it be mingled with other money, the beneficiary may enforce the trust."

Here we have the express admission in accordance with the averments of the complaint, that the fund could not be traced, and the finding that no part of it was mingled with other funds of the deceased. This finding was based in part on the admission that such proof could not have been made, and the wholly unsatisfactory evidence of appellant that the money was deposited by deceased in his private safe deposit vault in 1923, and that nothing more was known as to its disposition. In fact the evidence of the amount deposited was so unsatisfactory that the trial court might properly infer that the deceased had paid to the appellant his entire share of the fund long before his decease.

This leaves the case as a simple action upon an account stated, the statement of the account having been made orally in 1923. To avoid the plea of the statute of limitations the appellant endeavored to show an oral restatement in 1930, and again in 1932, and some payments made from time to time and continuing to the death of the deceased. But no evidence was offered, and no contention is made, that any writing passed from deceased acknowledging the debt or any part of it. The action is therefore barred under the provision of subdivision 2 of section 337 of the Code of Civil Procedure since no acknowledgment or promise to continue the debt was made within the provisions of section 360 of the same code. Appellant's only answers to the plea of the statute of limitations are that the statute does not run against an express trust until the trustee has repudiated the trust,

and that, the two men having been close friends, the appellant might assume that the bar would not be pleaded. But the trial court found upon substantial evidence that no trust arose from the transactions pleaded; not merely that appellant failed to prove his right to have a trust imposed by judicial decree within the rule of the cases cited, but that he failed to prove that the deceased held any funds in trust for him. For these reasons the plea of the statute of limitations requires an affirmance of the judgment.

Appellant argues that he was prejudiced by the refusal of the trial court to permit him to testify after objection that he was disqualified by section 1880 of the Code of Civil Procedure. The trial court ruled that appellant would be permitted to testify but that if any testimony was given other than to establish a trust it would be stricken out. The appellant was thereupon withdrawn as a witness by his own counsel. In the early case of *Myers* v. *Reinstein,* 67 Cal. 89, 91 [7 P. 192], it was held that the code section did not disqualify a witness who was called to establish a trust in which he claimed to be the beneficiary since the claim or demand was not against the estate of decedent, but it was a claim that the property was held in trust and hence outside the estate. This rule has not been departed from, and hence there was no error in the trial court's ruling limiting the witness to such evidence.

We do not consider the question of public policy to which the major portion of the briefs are devoted. If appellant is unable to prove a trust relation, and thus avoid the plea of the statute of limitations, it is immaterial whether he and the deceased were engaged in an unlawful business through which the funds were originally accumulated. And it is also immaterial whether, assuming that the entire fund was amassed through illegal practices, the question of public policy falls with the statement of the account.

The judgment is affirmed.

Spence, J., and Dooling, J. pro tem., concurred.