[Civ. No. 8929.   Third Dist.   Mar. 28, 1957.]

ALICE HALL, Respondent, v. NAPA COUNTY TITLE COMPANY (a Corporation), Appellant.

Royal E. Handlos for Appellant.

Francis H. Frisch for Respondent.

SCHOTTKY, J.—Defendant above named has appealed from the judgment in the instant action which action is the aftermath of an unusual sequence of events.

On October 15, 1948, Edward L. Mashburn and plaintiff above-named, who were formerly husband and wife, entered into an agreement in writing providing for the sale of their property.  After the sale of said property Mr. York, who was then the attorney for both husband and wife, deposited the

proceeds of the sale with the Napa County Title Company on April 27, 1950, with instructions which contained the following: "Pay on order of Alice N. Mashburn and Edward L. Mashburn." The parties were unable to agree on a division of the proceeds and Edward commenced an action against Alice and the title company for a partition and accounting.

Service was made upon Alice by publication. The order for publication of summons found that respondent herein was concealing herself to avoid service of summons. She was never personally served in that action. Her default and the default of the title company were entered, and a judgment was entered on June 22, 1951, decreeing Edward to be the owner of $7,548.38 out of the sum of $12,654.15 in possession of the title company. The balance was made payable to Alice subject to assignments previously made by her; and the Napa County Title Company was ordered by said judgment to pay over to said plaintiff and defendant the sums awarded to them by said judgment.

On June 26, 1951, the title company paid out all moneys remaining in its possession with the exception of $2,387.87 retained for payment to plaintiff above named, and on June 27, 1951, mailed a letter to her notifying her of the entry and terms of the judgment. Said letter was sent by her to Mr. York who thereupon contacted the title company and instructed them not to disburse any of the money deposited with the title company on the account of the Mashburns. However, the title company, in reliance upon the judgment entered by default, had already disbursed practically all of the funds with the exception of $2,387.87.

On August 20, 1951, defendant, Alice Mashburn, filed her motion to open her default and vacate the judgment and for an order permitting her to file her answer. The grounds of her motion were that said default judgment was entered on service of process by publication within one year, and that said judgment was taken against her through her mistake, inadvertence, surprise and excusable neglect. Notice of motion was served on Edward L. Mashburn, plaintiff in said action, but no notice was given to the title company which was also a defendant in said action.

An answer and cross-complaint was filed by plaintiff with said motion but said answer and cross-complaint was not served on the title company nor was the title company joined as a defendant in the cross-complaint.

On September 24, 1951, the court made and entered its order vacating and setting aside the default and the judgment in its entirety.

A new trial was had between Edward and Alice upon plaintiff's complaint, defendant Alice's answer and cross-complaint, and plaintiff's answer to the cross-complaint. Napa County Title Company did not appear in the action.

On June 26, 1953, judgment was entered and Alice was awarded judgment in the amount of $10,712.76 and Edward was awarded $1,941.38, being the total of the amount which the parties originally deposited with the Napa County Title Company.

Thereafter, on March 8, 1954, the instant action was filed by plaintiff against defendant Napa Title Company, and following a trial judgment was entered in favor of plaintiff and against defendant in the sum of $6,587.99. A motion for a new trial was denied and defendant has appealed from the judgment.

Appellant Napa Title Company contends most earnestly that the motion of respondent Alice Hall to set aside the first judgment on the former action did not affect that judgment so far as appellant was concerned. Appellant argues that in view of the fact that it was a party defendant to said action and was ordered by said judgment to make certain payments, the court had no power or jurisdiction to vacate said judgment as to appellant without notice of said motion having been given to appellant. We deem it unnecessary to discuss this contention as we believe the judgment must be reversed upon other grounds.

We believe that in the original action appellant title company had the right to pay out the money in accordance with the judgment, without waiting beyond the time that the judgment was entered. As soon as a final judgment, in the sense that it is the court's disposition of the cause, is entered, the judgment is operative at once unless a stay is obtained. The prevailing party may execute the judgment in any way open to him. In this case, the title company was a party to the action. True, it defaulted after service of process upon it, but permitting the case to go against it by default simply meant that it had considered the relief asked in the complaint and was satisfied that it had nothing to combat and could accept the judgment of the court and abide by it so long as it was within the embrace of the relief asked against it. As soon as the judgment had been entered, Edward

L. Mashburn was entitled to have a writ of execution issued upon it, and had that been done, the title company would have had no reason to refuse to deliver to the officer the amount in its hands which the judgment declared belonged to Edward. Such being the case, there was no reason to require of Edward that he issue execution, or that appellant in anywise resist honoring the judgment in order to give to Alice Hall opportunity to attack it. These considerations are not altered by the fact that Alice, having, as the court found, wilfully concealed herself to avoid issuance of summons in this very case, had elected to stay out of the court until after the judgment had been rendered. She later came in and succeeded in setting the judgment aside, but that gave her no right to claim that the title company was not justified in obeying the judgment which had not been stayed. Appellant was a party to the suit; the judgment ran directly against it, ordering it to turn over to Edward that portion of the funds in its hands which the court had determined to belong to him.

In *Brown* v. *Howard,* 86 Cal.App. 532 [261 P. 732], the following occurred. A judgment was rendered against several defendants, and plaintiff caused levy to be made on the property of one. Thereafter, the judgment was stipulated to be vacated with the result that the defendant whose property was seized was entitled to be reimbursed for all sums levied and taken from him. Before the judgment was vacated, however, an attorney at law, who sued out the execution and for his client received the proceeds, had delivered the proceeds to his client save $100, which he retained with consent of his client as payment for his services. The defendant entitled to restitution, however, sought to compel the attorney to pay the entire amount he had received. The court said:

"Presumptively that judgment was regular and valid on its face, and the execution was likewise valid. Consequently the money collected under the said execution came into the hands of defendant Harry Lyons [attorney] lawfully. It was not until the judgment in said action had been set aside that plaintiff became entitled to the return of said money and that defendants could be said to hold said money for the use and benefit of plaintiff. [Citation.] Consequently the liability of defendant Lyons cannot exceed the sum of $100 which was remaining in his hands at the time said judgment was set aside. [Citation.]"

In *Wilson* v. *Coffey,* 116 Cal.App. 635 [3 P.2d 62], the fol-

lowing situation obtained. Money had been escrowed and then deposited in court by the escrowee who was discharged from liability. A judgment was rendered, and the attorney of the successful litigant withdrew the money and passed it to his client before any stay of the judgment was ordered. The court said, at page 639:

"The third point made by the plaintiff is that the attorneys for the defendant should have been ordered by the lower court to see that the deposit was returned. In support of that point he contends that the deposit having been made in court upon the stipulation and notice to both parties, the deposit should have been withdrawn only in the same manner. That contention is not sound. It was deposited subject to the order of the court. The judgment in the pending action was the 'order' of the court. It was not irregular in form. . . . The first judgment was entered April 8, 1925. No stay of execution was entered. It took effect as of that date. . . . The plaintiff's trouble arose by reason of his omission to have a stay of execution ordered by the trial judge. . . . The record discloses no irregularity regarding the payment of the fund. . . .

". . . As early as September 28, 1925, the trial court had given the plaintiff a judgment for those moneys. No stay was asked or granted. At any time after that date the plaintiff could have caused a writ of execution to issue. He did not do so apparently, but alleged in his affidavit that the defendant was insolvent. Under these circumstances we cannot say that the trial court committed an error in refusing to order a writ of restitution to issue. We find no error in the record.''

In view of the authorities hereinbefore set forth, and upon the record in the instant case, we believe that the judgment against appellant title company cannot be sustained and that the court should have rendered judgment in favor of appellant. Our conclusion in this regard makes it unnecessary to discuss the remaining contentions urged in the brief.

The judgment is reversed, with directions to enter judgment in favor of appellant.

Van Dyke, P. J., and Peek, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 22, 1957.