Nick LJEPAVA and Chris Ljepava, Jr.,
Plaintiffs–Appellees,

v.

M.L.S.C. PROPERTIES, INC., Mortgage
Loan Servicing Corporation, John P.
Briano, Roberta E. Briano, Collier N.
Gallucci, Theresa V. Gallucci, Donald E.
Slusher, Louise Slusher, Dr. Irma Smith
Van Riesen, Mrs. Roy M. Austin, Robert
A. Lewis, George M. Boyd, Frances R.
Boyd, Charles P. R. Short, Lois Short,
Murray M. Montgomery, Anne D. Mont-
gomery, Vera T. Lynly, Norman V.
Lopes, Paul O. Paulson, Paulson Mort-
gage Company, and HLC Financial, De-
fendants.

and

Sanford N. DILLER, Supplemental
Defendant/Cross–Claimant–Appellant,

v.

John A. COLISTRA,
Cross–Defendant–Appellee.

Nick LJEPAVA and Chris Ljepava, Jr.,
Plaintiffs–Appellants,

v.

M.L.S.C. PROPERTIES, INC., et
al., Defendants.

and

Sanford N. DILLER, Supplemental
Defendant/Cross–Claimant–Appellee,

v.

John A. COLISTRA, Cross–Defendant.

C.A. Nos. 78–1517, 78–2053.

United States Court of Appeals,
Ninth Circuit.

Submitted April 17, 1980.

Decided Nov. 13, 1980.

James W. Funsten, San Francisco, Cal.,
on brief, for Ljepava.

H. T. Morrow, San Jose, Cal., Sanford N.
Diller, Cupertino, Cal., on brief, for Diller.

Before MERRILL and WALLACE, Circuit Judges, and WYATT,* District Judge.

MERRILL, Circuit Judge:

The Ljepavas, plaintiffs–appellees and cross–appellants here, brought this suit asserting a claim under the Truth in Lending Act against M.L.S.C. Properties, Inc., and certain individual defendants. The Ljepavas sought to rescind a loan made to them and to enjoin defendants from foreclosing on a mortgage on their property. The trial court initially granted rescission and injunction against foreclosure conditioned on repayment of the loan; but, after finding that plaintiffs had failed to tender repayment according to the rescission order, entered judgment for defendants and dissolved the injunction. An appeal was then taken to this court. The Ljepavas, fearing the pending foreclosure proceedings, then sold the subject property pending appeal and paid $67,356.62 to M.L.S.C. pursuant to an itemized demand that included attorneys' fees as billed by M.L.S.C.'s attorney, Sanford Diller. Four days later, M.L.S.C. paid Diller $11,732, and Diller then paid over $2500 to John Colistra, his associate counsel.

The judgment for defendants was subsequently reversed on appeal by this court, *Ljepava v. M.L.S.C. Properties, Inc.*, 511 F.2d 935 (9th Cir. 1975). We ordered that the Ljepavas be awarded any amount they paid to defendants in excess of $33,161.49 (the amount of the original loan plus advances).

M.L.S.C. has now been adjudicated bankrupt, and although it is not clear from the record, it can be inferred that the Ljepavas have not been repaid the sum due them under this court's judgment.

The Ljepavas then moved the trial court for permission to implead Diller and Colistra, and to file a supplemental complaint against them to recover the sum received from M.L.S.C. The motion was granted. Diller then claimed indemnification by Colistra. The district court found for the Ljepavas in the sum of $9,232 and denied Diller's claim for indemnification. Diller appeals both these rulings to this court. The Ljepavas also appeal, contending that the full $11,732 should have been awarded to them and that it was error to deduct the $2500 paid over to Colistra.

On the appeal from the judgment of the district court ordering recovery by the Ljepavas from Diller, we reverse. On the appeal by the Ljepavas, we affirm. We do not reach the issues presented by Diller's cross–claim against Colistra.

The primary issue is whether the Ljepavas may recover from Diller the fee he received from M.L.S.C. after M.L.S.C. received payment from the Ljepavas under threat of foreclosure which the judgment, later reversed, permitted. We conclude that they may not.

The district court apparently proceeded on alternative theories of constructive and resulting trust. Under California law,[1] the equitable remedy of constructive trust was not appropriate. The money paid by the Ljepavas to M.L.S.C. was not traceable to the account from which Diller was paid, nor was the money received by Diller otherwise traceable to the payment made by the Ljepavas, as required for a constructive trust. *See, e. g., Corely v. Hennessy*, 58 Cal.App.2d 883, 137 P.2d 857 (1943).

Nor can the award to plaintiffs be premised on the doctrines of restitution or resulting trust. Diller was simply a creditor of M.L.S.C.; he was paid by his client for services he had performed in good faith. Diller was not unjustly enriched by his receipt of the money; nor did he obtain it by fraud, duress, or mistake. There was no basis for restitution or for creation of a resulting trust.

Plaintiffs rely on Brown v. Howard, 86 Cal.App. 532, 261 P. 732 (1927). That case, however, is distinguishable, since there it

---

* Honorable Inzer B. Wyatt, Senior United States District Judge of the Southern District of New York, sitting by designation.

1. The parties do not dispute that California law applies to this pendant claim by plaintiffs.

was clear that the attorney had received his fee directly from funds belonging to the party seeking recovery. Howard had prevailed against Brown in an action to foreclose a chattel mortgage. The proceeds from execution of the judgment were paid to Lyons, Howard's attorney, who retained $100 as his fee. *Brown* thus involved a classic resulting trust situation: the funds were directly traceable from Brown to Lyons, and the court concluded that when the judgment was set aside Lyons held the $100 in trust for Brown, since he was no longer entitled to Brown's money.

In the present case the payment to M.L.S.C. was not pursuant to court judgment. Diller did not receive payment from the Ljepavas, but from his client, M.L.S.C. The fact that the Ljepavas had paid an itemized demand that included Diller's statement of attorneys' fees makes no difference. Diller was paid by his client, M.L.S.C.; it was compensation for services performed in good faith, compensation to which he continues to be entitled. Neither the doctrine of restitution nor that of resulting trust stretches so far as to require repayment by Diller in this situation.

On the appeal by Diller from judgment in favor of the Ljepavas, judgment is reversed. On the appeal by the Ljepavas, judgment is affirmed.