No. 95-2967

Joan Valentine Mohamed,          *
formerly known as Joan           *
Valentine Kerr;                  *
                                 *
        Plaintiff-Appellee;      *
                                 *
        v.                       *   Appeal from the United States
Kevin Scott Kerr; Ivan S.  *  District Court for the
Kerr, Estate of;                 *   District of Minnesota.
                                 *
        Defendants-Appellants;   *
                                 *
Unum Life Insurance Company      *
of America, a Maine              *
corporation;                     *
                                 *
                Defendant.       *


Submitted:  June 12, 1996

Filed:  August 2, 1996


Before BOWMAN, HEANEY, and BEAM, Circuit Judges.


HEANEY, Circuit Judge.


    After summary judgment was granted in favor of his client, appellee's
counsel transferred judgment proceeds received from the court to his
client, except for a portion which he retained for himself, at least in
part, as payment of his contingent legal fee.  The summary judgment was
subsequently reversed on appeal.  Appellants seek to compel the attorney
to return that portion of the judgment which he retained.  Their motion was
denied.  We reverse.

BACKGROUND

The factual background of this litigation is set forth in detail in our prior opinion Mohamed v. Kerr, 53 F.3d 911 (8th Cir.), cert. denied, 116 S. Ct. 185 (1995). For purposes of this appeal, the summarized facts are as follows.[1] Appellee Mohamed and Ivan Kerr were married on March 1, 1985. In December 1986, as part of his employment compensation, Kerr completed a benefits enrollment form designating Mohamed as the beneficiary of a group life insurance policy. The marriage was dissolved in December 1988 pursuant to a marriage termination agreement which provided in part:

> [E]ach of the parties shall be awarded full right, title, interest and equity in and to the bank accounts, stocks, bonds, savings accounts, pensions, retirement plans, combined IRAs, mutual funds, life insurance policies with any cash value thereon, limited and general partnership interests, and any other assets which are held in their name or for their benefit as of the date of this Marriage Termination Agreement, free and clear of any claim by the other party.

After Kerr died on January 8, 1992, Mohamed sued UNUM Life Insurance Corporation of America seeking the proceeds from the life insurance. Because Kerr's estate and son contested Mohamed's claim to the proceeds, UNUM removed the action to federal court, brought a motion for judgment in interpleader, and deposited the insurance proceeds with the court. On July 11, 1994, Mohamed's motion for summary judgment was granted. Pursuant to the court's order, the clerk of court entered judgment on July 12, 1994, and disbursed the funds ($279,012.86) to Mohamed's attorney, Mark C. McCullough, on July 21, 1994.[2] After receiving an advisory opinion from the

---

[1]We hereby grant appellants' motion to supplement the record and deny appellee's motion to do the same.

[2]No motion to stay execution of judgment was filed by the appellants until August 5, 1994.

Lawyers' Board of Professional Responsibility that he was obligated to turn over the funds to his client, McCullough disbursed the judgment to Mohamed on July 22, 1994, except for $93,000 which he retained as payment for his legal services.[3]

On April 27, 1995, this court reversed the grant of summary judgment in favor of Mohamed and ordered that summary judgment be granted in favor of the appellants. Mohamed, 53 F.3d at 917. On May 18, 1995, the district court entered a judgment for the appellants and ordered Mohamed to return the life insurance proceeds to the clerk of court.[4] As part of their efforts to recoup the insurance policy proceeds, the appellants moved to compel McCullough to return the fees paid to him from the judgment proceeds. The magistrate judge declined.[5] We now review that decision.

ANALYSIS

In his July 13, 1995 order, the magistrate judge framed the issue presented as follows: May an attorney "be compelled to return fees paid to him by his client for services rendered in obtaining a judgment, if that judgment is reversed on appeal." (Order of July 13, 1995 at 3). The magistrate judge answered his query in the negative. Although we agree that the law of restitution generally will not require an attorney to repay legal

---

[3]There is a factual dispute as to what fees were covered by the $93,000 payment. It is clear, however, that at least two-thirds of this amount represented the contingent fee associated with the temporarily favorable resolution of this litigation.

[4]Mohamed has not yet returned any of the judgment proceeds.

[5]Pursuant to 28 U.S.C. § 636(c) (1994) and Fed. R. Civ. P. 73 (1996), the parties voluntarily waived their rights to proceed before a judge of the United States District Court and have consented to have a United States Magistrate Judge conduct all proceedings in the case.

fees paid by a client from a judgment that is subsequently reversed on appeal, restitution by the attorney is appropriate where such a payment is made pursuant to a contingent fee.

It is a long-standing legal principle that "[a] person who has conferred a benefit upon another in compliance with a judgment, or whose property has been taken thereunder, is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable . . . ." Restatement of Restitution § 74 (1937); accord Atlantic Coast Line R.R. v. Florida, 295 U.S. 301, 309 (1935). But this general rule is not without exceptions. The considerations behind these exceptions were discussed by Justice Cardozo in Atlantic Coast Line:

> A cause of action for restitution is a type of the broader cause of action for money had and received, a remedy which is equitable in origin and function. The claimant to prevail must show that the money was received in such circumstances that the possessor will give offense to equity and good conscience if permitted to retain it. The question no longer is whether the law would put him in possession of the money if the transaction were a new one. The question is whether the law will take it out of his possession after he has been able to collect it.

Id. at 309-10 (citations omitted). As such, restitution is not a matter of right, but a matter of equity. See United States v. Bedford Assocs., 548 F. Supp. 732, 736 (S.D.N.Y. 1982), aff'd in part, 713 F.2d 895 (2d Cir. 1983).

As a consequence of these interests, equity will not compel restitution from a third party who receives monies, in good faith, from the initial judgment creditor in payment of a debt. Restatement of Restitution § 74 cmt. h (1937); accord Bedford Assocs., 548 F. Supp. at 736 (refusing to require repayment from the initial judgment creditor's assignee, an "innocent payee" who received money to satisfy debt). Similarly, where a judgment creditor pays her attorney for legal services rendered from the

4

judgment proceeds, the attorney is under no duty to repay the money if the judgment is subsequently reversed. Restatement of Restitution § 74 cmt. h, illus. 20. Thus, were the proceeds retained by McCullough simply payment for services rendered--and therefore, a tangible debt owed to him by Mohamed--requiring repayment would not be appropriate.

The relevant fact that distinguishes this case from the protection normally afforded payments to attorneys, as innocent payees, is the nature of the fee arrangement: a contingent legal fee.[6] In other words, McCullough was to be paid a set percentage of any recovery made on behalf of Mohamed. The contingent fee is dependent on success; the attorney assumes, along with the client, the inherent risks of litigation. Although McCullough was initially successful in his endeavor to recover the life insurance proceeds on behalf of Mohamed, the award was not final. As a result of this court's reversal of that original determination, Mohamed collects nothing and McCullough is entitled to no fee. Although not a party to the litigation, like the initial judgment creditor, McCullough was a beneficiary of the trial court's error. Benefit from a compulsory judgment in error is a basis for the

---

[6]The cases relied on by the magistrate judge, <u>Wall v. Johnson</u>, 80 So. 2d 362 (Fla. 1955), <u>Holland v. McGill</u>, 145 So. 210 (Fla. 1932), and <u>Rickert v. Pollack</u>, 92 N.Y. Supp. 89 (1905), are all distinguishable on this basis. <u>Pocius v. Halvorsen</u>, 195 N.E.2d 137 (Ill. 1963), distinguished from the present case by the magistrate judge because it was an action by the initial judgment creditor against her attorney for a return of his contingent fee, is more relevant to the present case. The litigation there revolved around real property. <u>Id.</u> at 138. After initial success, the plaintiff paid her attorney a portion of his contingent fee, based on the value of the property. <u>Id.</u> at 139. Upon reversal of the lower court decree, the defendants took possession of the property. <u>Id.</u> Although the factual background is distinguishable from the present case, insofar as the initial judgment creditor, and not the initial judgment debtor, was left to recover the unearned, contingent legal fee, <u>Poicus</u> does stand for the proposition that a contingent fee must be returned to its source if the litigation is ultimately unsuccessful on appeal.

equitable remedy of restitution.  See <u>Bedford Assocs.</u>, 713 F.2d at 901. In this type of case, McCullough's relationship to the litigation's outcome is analogous to that of a real party in interest, and he is similarly under a duty to restore the amount received by him.  See Restatement of Restitution § 74 cmt. k.

Therefore, we hold that restitution of a contingent fee is appropriate where the initial judgment is reversed.  Accordingly, we remand this case to the magistrate judge for a factual determination of what portion of the retained proceeds represents payment of a contingent fee.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.