**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 16 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

WILLIAM A. STRONG;
CAROLYN E. STRONG,

       Plaintiffs-Appellees,

v.

DONALD D. LAUBACH,

       Defendant,

   and

SOUTHWESTERN BELL
TELEPHONE COMPANY,

       Garnishee-Appellant.

No. 01-6377

---

WILLIAM A. STRONG;
CAROLYN E. STRONG,

       Plaintiffs-Appellees,

v.

DONALD D. LAUBACH,

       Defendant-Appellant,

   and

No. 01-6409

SOUTHWESTERN BELL
TELEPHONE COMPANY,

Garnishee-Appellee.

---

**APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 95-FJ-22-L)**

---

Submitted on the briefs:

Richard E. Hornbeek of Hornbeek, Krahl, Vitali & Braun, P.L.L.C., Oklahoma City, Oklahoma, for Garnishee-Appellant Southwestern Bell Telephone Company in No. 01-6377 and Garnishee-Appellee Southwestern Bell Telephone Company in No. 01-6409.

Jon W. Laasch of Jacobson & Laasch, Edmond, Oklahoma, for Defendant-Appellant Donald D. Laubach in No. 01-6409.

Kelley L. Cornelius of Kelley L. Cornelius, P.C., Oklahoma City, Oklahoma, for Plaintiffs-Appellees William A. Strong and Carolyn E. Strong in Nos. 01-6377 & 01-6409.

---

Before **BRISCOE, BARRETT,** and **MURPHY** , Circuit Judges.

---

**BRISCOE** , Circuit Judge.

---

In case No. 01-6377, Southwestern Bell Telephone Company (SBTC),

garnishee, appeals from a judgment holding it liable to garnishors William A.

Strong and Carolyn E. Strong (Strongs), for funds SBTC paid to the judgment

debtor, Donald D. Laubach. [1]  In case No. 01-6409, Mr. Laubach appeals from a judgment in favor of the Strongs, limiting the exemption on workers' compensation proceeds he received to $50,000.  Pursuant to 10th Cir. R. 27.1 and Okla. Stat. tit. 20, §§ 1601-11, we certified a question of state law to the Oklahoma Supreme Court.  That question has been answered and, exercising our jurisdiction pursuant to 28 U.S.C. § 1291, we reverse the district court's order limiting the available exemption for workers' compensation proceeds to $50,000, and remand for further proceedings. [2]

## FACTS

While an employee of SBTC, Mr. Laubach was injured in two separate accidents.  He filed workers' compensation claims against SBTC that were settled in three stages.  Mr. Laubach received the sum of $368.90 every two weeks from March 4, 1998 through August 5, 1998.  He then entered into a settlement which provided in part for a lump sum payment to him in the amount of $221,374.00.

---

[1]  There has been some confusion concerning the spelling of Mr. Laubach's name.  The district court docket sheet, this court's docket sheet, and the prior order we entered in this case all spell his name "Laubauch."  The briefs and the opinion of the Oklahoma Supreme Court use "Laubach."  We have corrected the spelling in this opinion to "Laubach."

[2]  After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  These cases are therefore ordered submitted without oral argument.

Finally, Liberty Mutual Insurance Company issued an annuity on behalf of Mr. Laubach in the amount of $40,774.00, which was to pay Mr. Laubach the sum of $425.00 per month for a period of ten years.

In 1994, the Strongs obtained a default judgment against Laubach in the United States District Court for the Eastern District of Missouri, in the amount of $484,432.29. In 1995, they filed this judgment in the Western District of Oklahoma. Since 1998, the Strongs have attempted to garnish the workers' compensation benefits awarded to Mr. Laubach.

The Strongs filed a garnishment targeting Mr. Laubach's bank account (the "November 1998" garnishment). Mr. Laubach responded to the bank account garnishment by claiming exemptions for social security benefits and workers' compensation proceeds. On January 6, 1999, a magistrate judge assigned to the case entered an report and recommendation granting Mr. Laubach's claim for exemption, to the extent that the garnisheed proceeds represented social security benefits. The magistrate judge also concluded, however, that Mr. Laubach's exemption for workers' compensation benefits was limited to $50,000.

Mr. Laubach filed an objection to the magistrate judge's report and recommendation, contending that he was entitled to an unlimited exemption. On August 21, 2000, the district court entered an order rejecting the objection.

In the meantime, on or about March 5, 1998, the Strongs had issued a continuing garnishment summons against SBTC (the "March 1998 garnishment"), seeking to intercept workers' compensation proceeds it held on Mr. Laubach's behalf. This garnishment summons was served on SBTC's Missouri agent for service of process, by certified mail, return receipt requested, restricted delivery. SBTC responded with a letter to the Strongs' counsel objecting to the service of the summons in Missouri. SBTC's letter also contended that any workers' compensation proceeds paid to Mr. Laubach were entirely exempt from garnishment pursuant to Okla. Stat. tit. 85, § 48. SBTC did not file an answer to the garnishment and took no immediate court action to quash the garnishment.

On January 15, 1999, the Strongs filed a motion with the district court requesting that a judgment be issued against SBTC for the entire amount of the underlying principal judgment, plus interest, costs and attorney's fees, due to SBTC's failure to answer the March 1998 garnishment. The district court entered an order on January 21, 1999, requiring SBTC to answer the garnishment summons, to render an accounting of all compensation paid to Mr. Laubach during the effective date of the garnishment, and to show cause for its failure to pay sums sought in the garnishment.

On August 23, 2000, the district court issued an order finding that the Strongs had effected sufficient service of the March 1998 garnishment summons

on SBTC. On January 25, 2001, after an evidentiary hearing, the district court entered an order finding SBTC liable for the amount of funds paid to Mr. Laubach during the 180-day period the garnishment was in effect. The court found, however, that this amount should be offset by Mr. Laubach's $50,000 exemption for workers' compensation proceeds. Finally, it determined there was only one $50,000 exemption available, and it had been exhausted in the March 1998 garnishment proceeding.

Mr. Laubach filed a motion for a new trial and/or to alter or amend the judgment. He contended that the exemption should have been unlimited under Okla. Stat. tit. 85, § 48. In support of his argument, Mr. Laubach cited an Oklahoma Court of Civil Appeals decision, *Young v. Rimer*, 964 P.2d 911, 912 (Okla. Ct. App. 1997), *limited by Strong v. Laubach*, No. 99, 167, 2004 WL 615674 (Okla. Mar. 30, 2004), for the proposition that workers' compensation funds paid *to the employee* are subject to an unlimited exemption, while those paid to others who have an interest in the proceeds are limited to the $50,000 exemption.

On October 18, 2001, the district court entered an order denying

Mr. Laubach's motion. Both Mr. Laubach and SBTC have appealed from the

district court's determination that the exemption is limited to $50,000.[3]

We certified the following question of state law to the Oklahoma Supreme

Court:

> Whether workers' compensation proceeds paid to an injured worker are entirely exempt from garnishment, as provided in Okla. Stat. tit. 85, § 48, or whether the exemption is limited to fifty thousand dollars ($50,000.00), as provided in Okla. Stat. tit. 31, § 1(A)(21).

The Oklahoma Supreme Court restated the question as follows:

> Are workers' compensation proceeds paid to an injured worker entirely exempt from garnishment, as provided in Okla. Stat. tit. 85, § 48, or is the exemption limited to fifty thousand dollars ($50,000), as provided in Okla. Stat. tit. 31, § 1(A)(21)?

---

[3] The Strongs argue that Mr. Laubach waived his challenge to the district court's January 25, 2001 order. They contend he should have appealed from or sought reconsideration of the August 21, 2000 order that initially set the amount of exemption at $50,000. Mr. Laubach explains that at the time of the August 21, 2000 order, he believed the $50,000 exemption would run only from the November 1998 garnishment, rather than the March 1998 garnishment. Since he did not stand to receive more than $50,000 on or after November 1998, he concluded he was not aggrieved by the order, and therefore did not appeal.

As there were two separate garnishments on file by August 21, 2000, and the August 21, 2000 order was filed in response to a challenge to the November 1998 garnishment, Mr. Laubach's confusion is understandable. Regardless of whether his request for reconsideration is viewed as a motion under Rule 59(a), or under Rule 60(b) as the district court concluded, we conclude that he preserved his right to appeal this issue. In any event, the same issue clearly was preserved by SBTC in its appeal.

-7-

*Strong*, 2004 WL 615674, at *1.

In response to the certified question, it concluded:

> Claims for compensation or benefits due are completely exempt under 85 O.S. 2001 § 48, the exclusive statutory authority for exemptions under the Workers' Compensation Act, 85 O.S. 2001 §§ 1 et seq. The purported exemptions for a "person's interest in a . . . workers' compensation claim", under 31 O.S. 2001 §1(A)(21), shall not apply to "claims for compensation or benefits due" under the Oklahoma Workers' Compensation Act.

*Id.*

## ANALYSIS

### 1. **Issues previously resolved in certification order**

In our order certifying the question of state law to the Oklahoma Supreme Court, we considered the following procedural issues pertinent to this appeal:

1. Whether SBTC was released from liability for the garnishment proceeds merely because Mr. Laubach was no longer employed by SBTC at the time it paid him workers' compensation benefits.

2. Whether the procedure utilized by the Strongs to obtain service of process of their garnishment on SBTC provided SBTC with actual notice of the garnishment and was sufficient to confer jurisdiction over SBTC in the garnishment action.

We now reaffirm our prior holding on each of these issues.

-8-

### A. Laubach's employment status

SBTC argues it is not liable for the garnishment proceeds because Mr. Laubach was no longer employed by SBTC at the time it paid him workers' compensation benefits. The continuing earnings garnishment statute defines "earnings" subject to garnishment broadly, to include "any form of payment to an individual." Okla. Stat. tit. 12, § 1173.4(A).

SBTC points out that a continuing earnings garnishment terminates with the employment relationship. *Id.* § 1173.4(G)(2). That is true *a fortiori* where wages are garnished, and the termination of the employment relationship ends the employer's responsibility for compensating the employee with wages that may be garnished. Where "earnings" other than wages are paid, however, the termination of the employment relationship may not end the garnishment. *See id.* § 1173.4(F)(1) (requiring garnishee to answer whether it was employer of defendant, was indebted to defendant, *or* was under liability to defendant "in any manner or upon any account for earnings.").

### B. Service of garnishment

SBTC argues that it was never properly served with the garnishment summons and the garnishment was therefore void and of no effect. SBTC is a Missouri corporation, licensed to conduct business within the state of Oklahoma. As previously noted, the Strongs served SBTC with the March 1988 garnishment

by mailing a copy by certified mail to SBTC's agent for service of process in Missouri.

The service of process issue here involves a complex matrix of state and federal statutes. Our analysis begins with Fed. R. Civ. P. 69(a), which states in pertinent part:

> The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

This rule refers us to state law concerning service of process unless there is an applicable "statute of the United States" that trumps the state rules. We have held that the phrase "statute of the United States" as used in this rule includes applicable federal court rules. *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 942 (10th Cir. 1992). The federal rules apply, however, only if there is no state statute specifically applicable to service of garnishments. In other words, a *specific* state garnishment rule trumps the federal rules. *See id.* at 942-43; *Rumsey v. George E. Failing Co.*, 333 F.2d 960, 962 (10th Cir. 1964). If the specific state garnishment rule merely refers to the state's general rules for service of process, however, federal law governs. *Okla. Radio*, 969 F.2d at 943.

Oklahoma's general garnishment statute, Okla. Stat. tit. 12, § 1173.3(C), does not contain a specific rule for service of process. Instead, it refers to the

-10-

general Oklahoma procedural law for rules governing service of process, *id.* § 2004. Section 2004, however, was amended in 1996 to include a specific provision applicable to garnishments. The amendment provides: "Service by mail to a garnishee shall be accomplished by mailing a copy of the summons and notice by certified mail, return receipt requested, and at the election of the judgment creditor by restricted delivery, to the addressee." *Id.* § 2004(C)(2)(b) (Cum. Supp. 2003).

We conclude this specific state statute, and not the exception to Rule 69(a), controls. State law therefore governs sufficiency of service of process here.

Service here was accomplished by certified mail, as required by Title 12, §§ 1173.4(D) and 2004. The question is whether that mailing was addressed to the proper addressee.

Section 2004(C)(2) permits service by mail "upon a defendant of any class referred to in division (1), (3) or (5) of subparagraph c of paragraph 1 of this section." The "division (3)" referred to states that service may be accomplished:

> Upon a domestic or foreign corporation . . . by delivering a copy of the summons and of the petition to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process[.]

*Id.* § 2004(C)(1)(c)(3). *See Bank of Okla., N.A. v. Krown Sys.*, 53 P.3d 924, 927 (Okla. Ct. App. 2002) (applying § 2004(C)(1)(c)(3) to service of garnishment summons on corporation).

The agent served in this instance, Paul Lane, was authorized by law to receive service of process for SBTC in Missouri. SBTC raises two problems with service on Mr. Lane. First, he was not the registered agent in Oklahoma, where the suit was filed. SBTC had an Oklahoma agent who arguably could have been served. Second, SBTC argues that Missouri law permits corporations to appoint separate agents for service of process generally, and service of garnishments in particular. Mr. Lane, they contend, was not their Missouri agent for garnishment service.

We reject SBTC's arguments. Section 2004(C)(1)(c)(3) allows service on "*any other agent* authorized by appointment or by law to receive service of process." (Emphasis added.) Service of process is permitted outside the state as long as it is consistent with due process principles. Okla. Stat. tit. 12, §§ 2004(E)(2)(c), (F). SBTC does not contend that the process here was inconsistent with due process, only that it was technically improper. *See Vance v. Fed. Nat'l Mortgage Ass'n*, 988 P.2d 1275, 1279 (Okla. 1999) ("It is not every variance in the service of process which will invalidate it.").

The fact that Mr. Lane was not designated to receive service of garnishments under *Missouri* law does not invalidate the service of process. The Oklahoma legislature knew how to subject service to the requirements of foreign

-12-

law when it so chose. [4] There is no reference to foreign law in the requirement that "service outside this state . . . must be made upon the designated individual or individuals." Okla. Stat. tit. 12, § 2004(E)(5). We conclude that the process employed here provided SBTC with actual notice and was sufficient to confer jurisdiction.

## 2. **Disposition of certified question**

We review *de novo* the district court's construction of state law concerning garnishment exemptions. *See Deretich v. City of St. Francis*, 128 F.3d 1209, 1212 (8th Cir. 1997). The district court's decision in this case is inconsistent with the Oklahoma Supreme Court's answer to our certified question. Without the benefit of the Oklahoma Supreme Court's answer, the district court concluded that Mr. Laubach was entitled to exempt only $50,000 of workers' compensation proceeds. According to the Oklahoma Supreme Court, however, workers' compensation proceeds are completely exempt under Okla. Stat. tit. 85, § 48. We therefore reverse and remand for further proceedings in accordance with this opinion.

---

[4] *See, e.g.,* Okla. Stat., tit. 12, § 2004(E)(3) (Cum. Supp. 2003) (allowing proof of service to be made in manner permitted under foreign state law); § 2004(E)(4) (allowing service to be made by individual permitted to serve process under foreign state law).

REVERSED and REMANDED for further proceedings in accordance with this opinion.