**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 11, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIAM A. STRONG, II;
CAROLYN E. STRONG,

      Plaintiffs-Appellants,

v.

      No. 05-6207

DONALD D. LAUBACH,

      Defendant-Appellee.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. No. 95-FJ-22-L)**

---

Submitted on the briefs:

Kelley L. Cornelius, Kelly L. Cornelius, P.C., Oklahoma City, Oklahoma, for
Plaintiffs-Appellants.

Jon W. Laasch, Jacobson & Laasch, Edmond, Oklahoma, for Defendant-Appellee.

---

Before **KELLY**, **BRISCOE**, and **LUCERO**, Circuit Judges.

---

**KELLY**, Circuit Judge.

William and Carolyn Strong appeal from a district court order requiring them to return exempt workers' compensation funds that they had collected through garnishment proceedings related to a judgment entered in their favor against Donald Laubach. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

I

The Strongs obtained a judgment against Laubach in 1994 in the amount of $484,432.29. The judgment was domesticated in the Western District of Oklahoma. As part of their post-judgment collection efforts, the Strongs initiated garnishment proceedings. The Strongs sought to garnish workers' compensation proceeds that were being paid to Laubach in a series of monthly annuity payments by Liberty Mutual Insurance Company. Laubach objected to the Strongs' attempts to garnish these workers' compensation proceeds and claimed that the annuity payments were exempt from garnishment.

The district court found that Laubach's exemption for workers' compensation benefits was limited to $50,000 and permitted the Strongs to garnish the annuity payments from Liberty Mutual. Laubach appealed the district

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

court's order. He did not request a stay of the order pending appeal. During the pendency of the appeal, the garnished proceeds were distributed to the Strongs. On appeal, this court held that all of the workers' compensation proceeds were exempt based on the Oklahoma Supreme Court's response to this court's certified question on the issue. *Strong v. Laubach*, 371 F.3d 1242, 1246 (10th Cir. 2004). The judgment was reversed and the case was remanded for further proceedings.

After the remand, the district court held a status conference. The parties stipulated that the Strongs had collected $25,505.38 through the garnishment of the Liberty Mutual annuity payments. Laubach argued that the Strongs should be required to return the garnished funds to him, and the Strongs objected. The district court agreed with Laubach and determined that the Strongs must return the garnished funds. The Strongs now appeal from the district court's order.

We review de novo the district court's determination that the Strongs must return the garnished funds to Laubach. *See, e.g.*, *Dang v. UNUM Life Ins. Co. of Am.*, 175 F.3d 1186, 1189 (10th Cir. 1999) (stating that questions of law are reviewed de novo).

II

The Strongs seek to avoid returning funds to which they are not entitled by arguing that because Laubach failed to request a stay of the district court's judgment, he is now barred from requesting return of the garnished funds.

-3-

Federal Rule of Civil Procedure 62(d) allows a stay of a judgment effective upon a district court's approval of a supersedeas bond. The bond secures the judgment against insolvency of the judgment debtor and is usually for the full amount of the judgment, though the district court has discretion in setting the amount. *Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1559-60 (10th Cir. 1996). A judgment debtor who is unable or is unwilling to post a supersedeas bond retains the right to appeal even if the judgment is executed. *Koster & Wythe v. Massey*, 262 F.2d 60, 62 (9th Cir. 1958). Should the judgment be reversed on appeal, a district court may, on motion or sua sponte, order the judgment creditor to restore the benefits obtained. *Baltimore & Ohio R.R. Co. v. United States*, 279 U.S. 781, 786 (1929) ("The right to recover what one has lost by the enforcement of a judgment subsequently reversed is well established. And, while the subject of the controversy and the parties are before the court, it has jurisdiction to enforce restitution and so far as possible to correct what has been wrongfully done." (citations omitted)); Restatement (First) of Restitution § 74 cmt. a. (1937). Of course, in such circumstances, the judgment creditor may be insolvent and that risk falls on the judgment debtor. *Thorpe v. Thorpe*, 364 F.2d 692, 693 (D.C. Cir. 1966).

With these general principles in mind, we turn to the Stongs' arguments. First, the Strongs assert that the district court lost subject matter jurisdiction when

the garnished funds were distributed to the Strongs during the pendency of the appeal. To support this argument, the Strongs cite *Secure Engineering Services, Ltd. v. International Technology Corp.*, 727 F. Supp. 261 (E.D. Va. 1989) for the proposition that garnishment proceedings are in rem proceedings and that once garnished funds are distributed, "the District Court los[es] jurisdiction over the '*res*' of the *in rem* judgment." Aplt. Br. at 12.

*Secure Engineering*, however, is completely distinguishable on its facts and does not support the Strongs' position. In *Secure Engineering*, the district court addressed what happens when a supersedeas bond and motion for stay pending appeal are filed after the prevailing party has already begun executing on the judgment through garnishment proceedings. The issue in that case was "whether the issuance of a stay pending appeal operates retroactively to dissolve a garnishment which was served after judgment but before the grant of the stay." *Id.* at 262. In this case, the Strongs began executing on their judgment and there was no bond posted or stay entered. *Secure Engineering* has no relevance to the issue presented in this appeal: whether the Strongs must return funds they received when they executed on their judgment once that judgment was reversed on appeal. Moreover, there is no discussion in *Secure Engineering* about a district court losing subject matter jurisdiction once garnished funds are distributed.

To further support their argument that once they executed on their judgment the district court lost jurisdiction, the Strongs cite to a series of forfeiture cases. *See* Aplt. Br. at 12-13. These cases do not aid the Strongs in their argument. Forfeiture cases arise from in rem jurisdiction over specific pieces of property, which are treated as the defendants in the case. The district court must retain control over the defendant property (the "res" of the in rem proceeding) in order to maintain jurisdiction. *See, e.g.*, *United States v. $57,480.05 United States Currency & Other Coins*, 722 F.2d 1457, 1458 (9th Cir. 1984). This is not a forfeiture case. The district court's jurisdiction in this case was not "in rem;" the court's jurisdiction was based on a federal question and did not depend on retaining control over the garnished funds.

The Strongs also argue that the district court has "in effect" granted a "retroactive stay" by ordering the return of the funds when Laubach failed to take steps to protect his own rights. Aplt. Br. at 12. Again they rely on *Secure Engineering* to support their argument. As explained above, however, that case is distinguishable. The posture of this case in no way resembles the posture of the *Secure Engineering* case. Retroactive stays arise when parties delay the filing of supersedeas bonds until they are threatened with execution of the judgment and then they seek to benefit from the filing of the bond as though it had been timely filed. *Secure Engineering*, 727 F. Supp. at 265. Laubach neither timely filed a

bond nor did he attempt to file an untimely bond. The Strongs were able to execute on their judgment without any delay.

Finally, the Strongs argue that it would be inequitable for them to have to repay the garnished funds because they are being penalized for executing on a lawful judgment. They do not explain how having to return something to which they were not legally entitled can be a "penalty." Their argument does not withstand analysis, but they appear to claim that they were inadequately protected because Laubach did not request a stay and post a supersedeas bond. Because Laubach did not seek a stay pending appeal, however, the Strongs did not need the protection of a supersedeas bond. Since there was no stay, the Strongs were able to execute on their judgment immediately and receive the garnished funds. There was no need to have a supersedeas bond as security when they had access to the full amount of their judgment.

In this case, Laubach and the Strongs both took risks. By not requesting a stay pending appeal, Laubach risked having the funds distributed and not being able to recover them even if he prevailed on appeal. By executing on their judgment and receiving the garnished funds during the pendency of the appeal, the Strongs assumed the risk that they might have to repay the money if Laubach prevailed on appeal. *See, e.g.*, *Atl. Coast Line R.R. Co. v. Florida*, 295 U.S. 301, 309 (1935) ("[W]hat has been lost to a litigant under the compulsion of a

judgment shall be restored thereafter, in the event of a reversal, by the litigants opposed to him, the beneficiaries of the error."); *Mohamed v. Kerr*, 91 F.3d 1124, 1126 (8th Cir. 1996) ("It is a long-standing legal principle that '[a] person who has conferred a benefit upon another in compliance with a judgment, or whose property has been taken thereunder, is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable . . . .'" (quoting Restatement (First) of Restitution § 74 (1937)). As the district court correctly stated in its order, "[The Strongs] have received funds to which they are not entitled and must now disgorge those funds." Aplt. App. at 98.

The judgment of the district court is AFFIRMED.