**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 25, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

THE SOCIETY OF LLOYD'S,

Plaintiff-Appellee,

v.

WALLACE R. BENNETT,

Defendant-Appellant,

and

GRANT R. CALDWELL; CALVIN P.
GADDIS; DAVID L. GILLETTE;
STEPHEN M. HARMSEN; KELLY C.
HARMSEN; JAMES R. KRUSE;
EDWARD W. MUIR; KENT B.
PETERSEN,

Defendants.

Nos. 05-4208 & 05-4239
(D.C. No. 2:02-CV-204-TC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

Before **BRORBY** and **EBEL,** Circuit Judges, and **KANE,**[**] District Judge.

Defendant Wallace R. Bennett appeals from two orders of the district court rejecting his efforts to void a garnishee judgment. Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm.[1]

### Relevant Background

On March 18, 2003, plaintiff The Society of Lloyd's (Lloyd's) obtained a judgment against Bennett based on an award of summary judgment that was subsequently affirmed by this court. *See Soc'y of Lloyd's v. Reinhart*, 402 F.3d 982 (10th Cir.), *cert. denied*, 126 S. Ct. 366 (2005). Seeking to collect on the judgment, on June 28, 2004, Lloyd's served a writ of garnishment on Morgan Stanley, an investment bank where Bennett held a brokerage account. Accompanying the writ were interrogatories to be answered and filed by Morgan Stanley. The writ advised Morgan Stanley that if it did not receive a court order regarding the writ within sixty days of filing its interrogatory responses, the writ would expire and could be ignored. Based on the timing of Morgan Stanley's responses, the writ was to expire on September 7, 2004.

---

[**] The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

[1] Pursuant to the parties' request, we have consolidated cases 05-4208 and 05-4239, as the latter is merely a carbon-copy of the former filed to cure a jurisdictional defect.

On July 14, 2004, Bennett filed objections to the writ of garnishment and requested a hearing. The hearing was held on August 6, 2004, before a magistrate judge to whom the case had been referred under 28 U.S.C. § 636(b)(1)(A). The minute entry from the hearing reflects that the magistrate judge heard arguments concerning Bennett's objections to the writ of garnishment, one of which was that the writ would unduly interfere with his wife's interest in the account. At some point during the hearing, the court recessed to allow the parties to schedule discovery regarding Mrs. Bennett's interest. When the court reconvened the parties had reached a stipulation. The following is a quote from the minute entry:

> Counsel stipulated to the following: Mr. Barton to subpoena Morgan Stanley today and expect production of documents by 8/20/04; Mr. Bennett to produce all account information requested by Mr. Barton by 8/20/04; *extend the garnishment pending further order of the Court*; set the matter for status conference prior to setting the case for evidentiary hearing.

Aplt. App. at 48 (emphasis added).

On August 23, 2004, the magistrate judge issued an Order Regarding Pending Garnishment reflecting his findings from the August 6 hearing. The magistrate judge overruled all of Bennett's objections to the writ except for the objection based on Mrs. Bennett's interest in the account. As to that objection, the magistrate judge found that discovery into the matter was warranted and that the parties had stipulated as to the nature and timing of that discovery. "With respect to the status of the Account, the Magistrate Judge [found] that each of the

parties stipulated and agreed, on the record, that the Account remain frozen until the current dispute regarding the respective interests of Mr. and Mrs. Bennett [was] resolved." *Id.* at 148. He therefore found, pursuant to the local civil rules, that "good cause exist[ed] to stay the release of the Writ of Garnishment." *Id.*

On October 7, 2004, after discovery into Mrs. Bennett's interest was complete, the magistrate judge ordered counsel for Lloyd's to prepare a proposed order and garnishee judgment. It is at this point in the appellate record that Bennett's objection to the magistrate judge's authority first appears. On October 15, 2004, he filed "Specific Objections to a Magistrate Judge Effecting a Final Irrevocable Disposition" (*Id.* at 150), alerting the district judge that the magistrate judge was prepared to sign the garnishee judgment. Bennett argued that the magistrate judge lacked authority to sign the garnishee judgment and that he had already exceeded his authority in staying the release of the writ of garnishment. Lloyd's conceded that a garnishee judgment is a final and appealable order, which, absent the parties' consent, cannot be signed by a magistrate judge under 28 U.S.C. § 636. Lloyd's also conceded that the parties had not given their consent to the magistrate judge's exercise of such power.

Accordingly, on October 21, 2004, the court revoked its earlier order of reference and issued a second order of reference, this time under 28 U.S.C. § 636(b)(1)(B), which sets forth the procedure for a magistrate judge to hear and make recommendations concerning certain dispositive matters. On October 25,

2004, the magistrate judge issued a report pursuant to that section recommending that a garnishee judgment be entered against Morgan Stanley for one-half the net value of Bennett's brokerage account. Bennett filed a timely objection to the report and recommendation under § 636(b)(1)(C). He then filed for bankruptcy and the case was held in abeyance.

In response to a request from the bankruptcy court, the district court issued an order on April 22, 2005, holding that the magistrate judge had not exceeded his authority under the first order of reference by staying the release of the writ of garnishment. On May 6, 2005, Bennett filed a motion for reconsideration with respect to the April 22, 2005, order. Before deciding that motion, however, the court entered a garnishee judgment based on the report and recommendation of the magistrate judge. On May 24, 2005, Bennett filed a motion to reconsider the garnishee judgment. On July 7, 2005, the court denied Bennett's motion for reconsideration with respect to its April 22, 2005, order, reaffirming its decision that the magistrate judge had authority to extend the writ of garnishment. On August 26, 2005, it denied Bennett's motion to reconsider the garnishee judgment. This appeal followed.

**Discussion**

Based on the time of filing, the district court considered Bennett's first motion for reconsideration under Rule 60(b) and his second motion under Rule 59(e) of the Federal Rules of Civil Procedure. We therefore review the court's

decision for abuse of discretion. *See Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1186 n.5 (10th Cir. 2000) (Rule 59(e)); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006) (Rule 60(b)). "Under that standard, a motion for reconsideration should be granted only to correct manifest errors of law or to present newly discovered evidence." *Adams*, 225 F.3d at 1186 n.5 (quotation omitted). We review questions of law de novo. *Strong v. Laubach*, 443 F.3d 1297, 1298 (10th Cir. 2006).

Bennett's appeal challenges the district court's finding that the magistrate judge acted within his authority in staying the release of the writ of garnishment and ordering the Morgan Stanley account to remain frozen. He argues that § 636(b)(1)(A), which he maintains was the only source of the magistrate judge's authority, pertains only to non-dispositive, non-injunctive pretrial matters, and that the magistrate judge's order extending the writ was a post-judgment grant of injunctive relief clearly beyond its scope. Therefore, the writ actually expired on September 7, 2004, and all orders flowing from the writ after that date, including the garnishee judgment, are invalid.

Lloyd's counters that § 636(b)(1)(A) should not be read literally to preclude any matter not occurring before trial. It argues that the term "pretrial matter" as used in § 636(b)(1)(A) was meant to refer to any non-dispositive matter, whether occurring before, during, or after trial. Lloyd's contends that the challenged order was neither injunctive nor dispositive and was therefore within

the bounds of § 636(b)(1)(A). Alternatively, it argues that authority for the magistrate judge's order can be found in the "additional duties" language of § 636(b)(3). Furthermore, Lloyd's argues that the magistrate judge had authority to extend the writ under § 636(c)(1), because the parties agreed to the extension on the record.

Both parties raise interesting and complex arguments concerning the scope of a magistrate judge's authority to issue post-judgment orders under the Federal Magistrates Act. We need not reach the merits of the arguments, however, because we can affirm the district court judgment based on the parties' on-the-record stipulation to extend the writ of garnishment.

"In this circuit, the rulings of a trial court in accordance with stipulations that are clear and unambiguous will not be considered erroneous on appeal." *Mills v. State Farm Mut. Auto. Ins. Co.*, 827 F.2d 1418, 1422 (10th Cir. 1987) (quotation omitted). At the August 6, 2004, hearing Bennett clearly and unambiguously agreed to an extension of the writ pending discovery into Mrs. Bennett's interest in the account.[2] He now argues that the stipulation was never intended to broaden the magistrate judge's authority. This argument,

---

[2] Contrary to Lloyd's assertion, the parties did not grant the type of consent contemplated in § 636(c)(1), which would have authorized the magistrate to conduct any and all proceedings, including the entry of a final garnishee judgment. *See Colo. Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co.*, 879 F.2d 809, 810 (10th Cir. 1989).

however, is a red herring because regardless of whether Bennett consented to the magistrate judge's general authority, he clearly consented to the very act now complained of. We have long been "reluctant to relieve parties from the benefits, or detriments, of their stipulations." *L.P.S. ex rel. Kutz v. Lamm*, 708 F.2d 537, 539-40 (10th Cir. 1983). Therefore, we conclude that the parties' stipulation regarding the extension of the writ of garnishment waived any objections to the matter, and the district court did not abuse its discretion in denying Bennett's motions for reconsideration.

The judgment of the district court is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge